**Arizona HALL, Appellant,**

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, et al.,**
**Respondents.**

**No. WD 56767.**

Missouri Court of Appeals,
Western District.

Dec. 7, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 2000.

Arizona Hall, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondents.

Before: SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Arizona Hall appeals the summary judgment of the circuit court for the respondents, the Missouri Board of Probation and Parole (the Board), the Division of Adult Institutions (the Division), and the Department of Corrections (the DOC), on his declaratory judgment action against them seeking a declaration that, pursuant to § 558.011,[1] he should have been conditionally released from prison on July 29, 1990, after serving only three years of his fifteen-year prison sentence.

The appellant raises four points on appeal, all of which relate to the trial court's interpretation of § 558.011 and its application of the statute's provisions to him. In Points I and III, he generally claims that the trial court erroneously declared and applied the law as found in § 558.011 by interpreting the statute's language to mean that an inmate, who is serving a fifteen-year prison sentence, is required to serve twelve years in prison before being eligible for conditional release, depriving him of his constitutional rights to due process and equal protection. In Points II and IV, he generally claims that the trial court erroneously declared and applied the law by applying § 558.011, RSMo 1994, as opposed to the 1986 version, thereby violating the prohibition against ex post facto laws as pronounced in the Missouri and United States Constitutions.

We affirm.

## Facts

On September 11, 1987, the appellant entered an *Alford* plea of guilty in the Circuit Court of St. Louis County, Missouri, before the Honorable Kenneth M. Romines to one count of first-degree assault, § 565.050, and one count of armed criminal action, § 571.015. On November 23, 1987, the court sentenced him to concurrent terms of fifteen years imprisonment in the DOC. The appellant was delivered to the DOC on November 25, 1987.

The Division, after giving the appellant credit for 118 days of time served, calculated the start date of his sentence as July 30, 1987, the date of his conditional release from prison to be July 29, 1999, and his maximum release date to be July 29, 2002.

On February 8, 1994, the Board, pursuant to § 558.011.5, extended the date of the appellant's conditional release to the maximum date of his entire sentence of imprisonment for a violation of the Board's institutional rules regarding assault.

On July 20, 1998, the appellant filed a petition for declaratory judgment in the Circuit Court of DeKalb County, Missouri, seeking a declaration that the respondents had miscalculated the date of his conditional release from prison and were wrongfully treating him as a class X offender under § 558.019, RSMo 1986 (effective Jan. 1, 1987), and, thus, subjecting him to a minimum prison term. On October 19, 1998, the appellant filed his first-amended petition, generally making the same allegations as in his original petition and also seeking a declaration that the respondents were applying § 558.011, RSMo 1994, to him, thereby subjecting him to an *ex post facto* law in violation of the Missouri and United States Constitutions.

On October 22, 1998, the respondents filed their answer and motion for summary judgment. On October 28, 1998, the trial court granted the respondents' motion for summary judgment and entered judgment in their favor. Sometime thereafter, the appellant filed a motion with this court seeking leave to file a notice of appeal out of time, which was sustained on February 1, 1999. The appellant filed his notice of appeal on February 25, 1999.

## Appellant's Points Relied On

■ Because we must determine our jurisdiction, *sua sponte, Spectrum Cleaning Servs., Inc. v. Blalack*, 990 S.W.2d 656, 658 (Mo.App.1999); *Clay County by County Comm'n v. Harley & Susie Bogue, Inc.*,

---

1. All statutory references are to RSMo 1986, unless otherwise indicated.

988 S.W.2d 102, 108 (Mo.App.1999), we initially address whether the appellant's facially deficient points relied on sufficiently comply with Rule 84.04(d),[2] which sets forth the requirements for valid points relied on, to invoke our jurisdiction. The current version of Rule 84.04(d) took effect on January 1, 1999. Because the appellant's brief was filed on June 17, 1999, his points relied on must comply with the current requirements of Rule 84.04(d). *Wright v. Wright*, 990 S.W.2d 703, 708 (Mo.App.1999).

 The current version of Rule 84.04(d) provides:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

. . .

(4) Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included.

Thus, the rule requires that each point relied on: (1) identify the trial court's rul-

ing or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Ford v. Ford*, 990 S.W.2d 698, 702 (Mo.App.1999). "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997) (*citing Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)); *Nichols v. Mama Stuffeati's*, 965 S.W.2d 171, 173 n. 1 (Mo.App.1997). Rule 84.04(d) "sets forth a form for a point relied on that satisfies the [rule's] requirements." *Wright*, 990 S.W.2d at 708.

The appellant's points relied on read:

## I.

The trial court erred in granting appellees' motion for summary judgment in a declaratory judgment case on appellant's claim that under Section 558.011, RSMo 1986 the conditional release term comes before the prison term in that appellees were not entitled to summary judgment as a matter of law and the trial court incorrectly construed Section 558.011, RSMo thereby violating appellant's right to procedural and substantive due process of law, equal protection and his right to be free from retrospective application of the laws as defined under Article I, Section 2, 10, and 13 of Missouri Constitution and Article I, Section 9, Clause 3, and Article 1, Section 10, Clause 1 of the United States Constituion [sic] and the equal protection and due process clause of the Fourteenth Amendment to the United States Constitution.

---

**2.** All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise

indicated.

## II.

The trial court erred in granting appellee's motion for summary judgment in a declaratory judgment case without analysis on appellant's claim that appellees improper retrospective and retroactive application of Section 558.011, RSMo 1994 denied appellant his right to the early release program under Section 217.430, RSMo 1986, violated the equal protection, and expost [sic] facto clause under Article I, Section 10 and 13, of Missouri Constitution and Article I, Section 9, Clause 3, Article I, Section 10, Clause 1 of the United States Constitution and the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

## III.

The trial court erred in granting appellees' motion for summary judgment in a declaratory judgment case on appellant's claim that under Section 558.011, RSMo 1986, the conditional release statute created a protected liberty interest of a statutory right that the prison term is on the end of the term of imprisonment and a mandatory release protected by the due process clause appellee were not entitled to summary judgment as a matter of law and the trial court incorrectly construed 558.011, RSMo thereby violating appellant's right to life and liberty without due process of law as defined under the due process clause of Article I, Section 10, of Missouri Constitution and the Fifth and Fourteenth Amendment to the United States Constitution.

## IV.

The trial court erred in granting appellees' motion for summary judgment in a declaratory judgment case on appellant's claim to be free from retrospective and retroactive application of the laws as defined under Article I, Section 13, of Missouri Constitution and Article I, Section 9, Clause 3, and Article 1, Section 10, Clause 1 of the United States Constitution and the equal protection and due process clause as defined under Article I, Section 2, 10 of Missouri Constitution and the Fourteen Amendment to the United States Constitution.

All four of the appellant's points relied on fail to comply with the requirements of Rule 84.04(d) for several reasons.

While all the points identify the trial court's ruling that the appellant challenges on appeal, the court's sustaining of the respondents' motion for summary judgment, they fail to state concisely the "legal reasons for the appellant's claim of reversible error," and fail to explain, in summary fashion, why, in the context of the case, any legal reason supports his claim that the trial court erred in sustaining the respondents' motion for summary judgment, as required by the rule. Rule 84.04(d). Furthermore, his points are not substantially in the form set out in the rule for a proper point relied on. In addition to these defects, the appellant's points are "so nebulous that it is impossible to identify which of several possible claims" he is attempting to raise in each point. *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 339 (Mo. *banc* 1998). His points "do not intelligibly disclose the issues [he] is pursuing on appeal." *Shochet v. Allen*, 987 S.W.2d 516, 519 (Mo.App.1999).

"Insufficient points relied on preserve nothing for this court to review," *Green v. Douglas*, 977 S.W.2d 32, 33 (Mo. App.1998), and, as such, "[v]iolations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet*, 987 S.W.2d at 518; *Finnical v. Finnical*, 992 S.W.2d 337, 342 (Mo.App.1999). "Pro se appellants are held to the same procedural rules as attorneys and do not receive preferential treatment regarding compliance with rules of procedure such as Rule 84.04." *Shochet*, 987 S.W.2d at 518.

Compliance with Rule 84.04 briefing requirements is mandatory in order to en-

sure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Myrick v. Eastern Broad., Inc.,* 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet,* 987 S.W.2d at 518 (*quoting Thummel,* 570 S.W.2d at 686). Thus, we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. " 'That is the duty of the parties, not the function of an appellate court.' " *Nell v. Fern–Thatcher Co.,* 952 S.W.2d 749, 755 (Mo.App.1997) (*quoting Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App. 1990)).

 Because the appellant's points relied on preserve nothing for appellate review, *Green,* 977 S.W.2d at 33, we de-cline to address them. *See Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App.1999) (holding that appellate courts have the discretion to dismiss appeals for failure to comply with Rule 84.04); *Myrick,* 970 S.W.2d at 886 (holding that when an appellant's points relied on fall short of compliance with Rule 84.04, the appellate court is not obligated to review his or her brief).[3]

### Conclusion

For the reasons stated, we dismiss this appeal for failure to comply with Rule 84.04(d).

All concur.

---

**3.** "Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness *sua sponte." Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App. 1999). "In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy." *Id.* " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Id.* (*quoting State ex rel. Wilson v. Murray,* 955 S.W.2d 811, 812–13 (Mo.App.1997)). As such, "[w]hen an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.*

In this case, the appellant claims on appeal that the respondents miscalculated his date of conditional release from prison as July 29, 1999, when, pursuant to § 558.011.4, he should have been conditionally released on July 29, 1990, after serving three years of his fifteen-year prison sentence. Section 558.011.5 provides that "[t]he date of condi-tional release from the prison term may be extended up to a maximum of the entire sentence of imprisonment by the board of probation and parole ... when an inmate fails to follow the rules and regulations of the division of adult institutions or commits an act in violation of such rules." The record reflects that on February 8, 1994, the Board, pursuant to this statute, extended the date of the appellant's conditional release to the maximum date of his entire sentence of imprisonment, July 29, 2002, because of violation of "institutional Rule #2 – Assault." The appellant does not challenge this action of the Board on appeal. As such, because his conditional release date has been extended to the maximum date of his sentence, his claim that the respondents miscalculated his conditional release date is moot and, even if we were not dismissing his appeal for failure to comply with Rule 84.04(d), we would be required to dismiss his appeal for mootness. *Armstrong,* 990 S.W.2d at 64.