**Eric WILSON, Appellant,**

v.

**Mel CARNAHAN, Governor of the State of Missouri, et al., Respondents.**

**No. WD 58190.**

Missouri Court of Appeals, Western District.

Aug. 29, 2000.

Eric Wilson, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Marvin L. Andersen, Asst. Atty. Gen., Jefferson City, for respondents.

Before: EDWIN H. SMITH, P.J., and ULRICH and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Eric Wilson appeals from the circuit court's order dismissing, for failure to state a cause of action, his "Petition for Declaratory Judgment[,] Mandamus or Injunctive Relief and/or Habeas Corpus and/or Appropriate Relief," wherein he named as defendants the Honorable Mel Carnahan, the Governor of the State of Missouri; the Missouri Department of Corrections (the DOC); Dora Schriro, the Director of the DOC; George Lombardi, the Director of the Division of Adult Institutions (the DAI); Steven Long, the Assistant Director of the DAI; Mike Kemna, the Superintendent of the Crossroads Correctional Center; and Michael Bowersox, the Superintendent of the Potosi Correctional Center.

In his sole point on appeal, the appellant claims that "[t]he Circuit Court of Cole County abused its discretion and was clearly erroneous by sustaining the motion to dismiss because the grounds liberally read individually and/or collectively stated claims upon which relief could have and should have been granted."

We dismiss the appeal for failure to comply with Rule 84.04(d).[1]

### Facts

On August 17, 1999, the appellant filed his petition in the Circuit Court of Cole County. On November 4, 1999, the respondents filed a motion to dismiss, pursuant to § 506.375,[2] and Missouri Rule of Civil Procedure 55.27(a)(6) (1999), alleging that it failed to state a cause of action. A hearing was held on the respondents' motion on December 27, 1999, after which the trial court dismissed the appellant's petition, pursuant to § 506.375.

This appeal follows.

### Appellant's Point Relied On

■ Before addressing the merits of the appellant's claim, we address the respondents' contention that the appellant's point relied on fails to comply with Rule 84.04(d), which sets forth the requirements for valid points relied on. The current version of Rule 84.04(d) provides:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the*

*context of the case, support the claim of reversible error*]."

. . .

(4) Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included.

Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Hall v. Missouri Bd. of Probation and Parole,* 10 S.W.3d 540, 543 (Mo.App.1999) (citing *Ford v. Ford,* 990 S.W.2d 698, 702 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.* (quoting *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo. banc 1997) (citing *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978))). Rule 84.04(d) "sets forth a form for a point relied on that satisfies the [rule's] requirements." *In re Marriage of Wright,* 990 S.W.2d 703, 708 (Mo.App. 1999).

■ While the appellant's point identifies the trial court's ruling that he challenges on appeal, the court's dismissal of his petition, and states the legal reasons for his claim of reversible error, that his petition stated a cause of action, it fails to explain, in summary fashion, why, in the context of the case, the legal reason alleged supports his claim that the court erred in dismissing his petition, as required by the rule. Rule 84.04(d). Fur-

---

**1.** All rule references are to the Missouri Rules of Civil Procedure (2000), unless otherwise indicated.

**2.** All statutory references are to RSMo Supp. 1999, unless otherwise indicated.

thermore, the point is not substantially in the form set out in the rule for a proper point relied on. *Id.*

 " 'Insufficient points relied on preserve nothing for this court to review,' " *Hall,* 10 S.W.3d at 544 (*quoting Green v. Douglas,* 977 S.W.2d 32, 33 (Mo.App. 1998)), and, as such, " '[v]iolations of Rule 84.04 are grounds for a court to dismiss an appeal.' " *Id.* (*quoting Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999)). A *pro se* appellant, such as the appellant in this case, " '[is] held to the same procedural rules as attorneys and do[es] not receive preferential treatment regarding compliance with rules of procedure such as Rule 84.04.' " *Id.* (*quoting Shochet,* 987 S.W.2d at 518). "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers." *Murphy v. Shur,* 6 S.W.3d 207, 208 (Mo.App.1999) (citations omitted).

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Hall,* 10 S.W.3d at 544–545 (*quoting Myrick v. Eastern Broad., Inc.,* 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted)). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet,* 987 S.W.2d at 518 (*quoting Thummel,* 570 S.W.2d at 686). As such, we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. " 'That is the duty of the parties, not the function of an appellate court.' " *Nell v. Fern–Thatcher Co.,* 952 S.W.2d 749, 755 (Mo.App.1997) (*quoting Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App.1990)).

Because the appellant's point relied on preserves nothing for appellate review, we decline to address it. *Hall,* 10 S.W.3d at 545 (*citing Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App. 1999); *Myrick,* 970 S.W.2d at 886).

### Conclusion

For the reasons stated, we dismiss this appeal for failure to comply with Rule 84.04(d).

ULRICH and ELLIS, JJ., concur.