Mark **CRAYTON**, Appellant,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE, Respondent.**

**No. WD 56966.**

Missouri Court of Appeals,
Western District.

Oct. 10, 2000.

---

2. This was the position of the dissenting member of the Commission.

Mark Crayton, St. Louis, pro se.

Karen Butler, Jefferson City, for Respondent.

Before LOWENSTEIN, Presiding Judge, LAURA DENVIR STITH and NEWTON, J.J.

HAROLD L. LOWENSTEIN, Judge.

Mark Crayton was convicted of attempted possession of a controlled substance and placed on a one-year probation. Imposition of sentence was suspended. Crayton's probation was subsequently revoked and he was sentenced to a five-year prison term. Crayton appeals, *pro se,* from the dismissal of his petition for declaratory judgment. After Crayton filed his brief he was paroled and now lists his mother's address as his current residence. From what this court can ascertain, Crayton's petition requested a declaration that 1) he be granted an earlier release date than that given by the Board of Probation and Parole because an erroneous conviction was listed on his record at the time of his parole hearing; [1] and 2) the program of substance recovery he was required to attend violated his First Amendment rights. In his brief on appeal he asks for damages in the amount of $1,000.00 per day for each

1. This charge was removed from his record prior to his release.

day he served past his guideline parole date due to the erroneous conviction on his record and for being required to attend a treatment program that violated his constitutional rights.[2]

■ An appellate court may dismiss a case for mootness *sua sponte*. *Hall v. Missouri Bd. of Probation and Parole*, 10 S.W.3d 540, 545 (Mo.App.1999). Mootness implicates the justiciability of a case. *Id.* " 'In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy.' " *Id.* (quoting *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999)). An actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. *Id.* As such, "[w]hen an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo.App.1998).

■ Here, Crayton is no longer incarcerated, his record has been corrected and he has completed the recovery program required of him. Thus, Crayton asserts no "actual and vital controversy susceptible of relief." *Id.* Therefore, the appeal is dismissed as moot.

All concur.

---

**2.** The matter of damages not having been raised at the trial court level will not be taken up on appeal.