**DESAI CORPORATION, d/b/a Royale Inn, Appellant,**

v.

**COLONY INSURANCE COMPANY and M.J. Kelly of Iowa, Inc., Defendants,**

**Premium Financing Specialist, Inc., and Frank Mobley Insurance Agency, Inc., Respondents.**

**No. WD 57861.**

Missouri Court of Appeals, Western District.

Oct. 31, 2000.

H. Kent Desselle, Independence, for appellant.

Martin M. Meyers, Rodney J. Hoffman, Kansas City, for respondents.

Before SPINDEN, C.J., and EDWIN H. SMITH and HOWARD, JJ.

HOWARD, Judge.

This case involves two instances of loss allegedly suffered by appellant, Desai Corporation ("Desai"), for which Desai attempted to obtain recovery under an insurance policy. Desai brings two points on appeal. The first point concerns the trial court's granting of partial summary judgment in favor of respondents Premium Financing Specialists, Inc., and Frank Mobley Insurance Agency, Inc. The second point concerns the trial court's refusal to give one of Desai's requested instructions. Due to Desai's failure to comply with Rule 84.04,[1] we dismiss the appeal. *Hall v. Missouri Bd. of Probation and Parole*, 10 S.W.3d 540, 545 (Mo.App. W.D.1999).

■ Desai failed to set forth an adequate factual background in its statement of facts as required by Rule 84.04(c). Rule 84.04(c) states, "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." This court requires a statement of facts

that "afford[s] an immediate, accurate, complete, and unbiased understanding of the facts of the case." *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo.App. S.D.1999). Desai's one-page statement of facts enumerates ten brief statements taken from Defendant Premium Financing Specialists, Inc.'s Motion for Summary Judgment and from Desai's First Amended Petition. *See Tate v. Kamakas*, 989 S.W.2d 617, 618 (Mo.App. E.D.1999) (appellant's brief consisted of "very little facts, but [was] primarily a recitation of the allegations and admissions or denials of the parties with regard to defendant's motion for summary judgment." Thus, the brief "did not sufficiently apprise [the] court of the facts necessary for disposition on the merits," and the appeal was dismissed).

■ In Desai's first point on appeal, it appears from the argument portion of its brief that a settlement agreement with another defendant forms the basis for one of its allegations of error. However, the statement of facts does not mention a settlement agreement. We cannot dispose of the point on the merits if we are not even notified, in the statement of facts, of the factual basis upon which Desai alleges the trial court erred. In addition, the legal file consists of over 230 pages and the transcript is over 500 pages. It is not the job of this court to advocate for Desai by sorting through the record in order to ascertain what occurred below. *Hall*, 10 S.W.3d at 545. Nor should respondents be responsible for furnishing this court with a statement of facts so that Desai's appeal may proceed. *McKee v. Wilmarth*, 771 S.W.2d 955, 956 (Mo.App. W.D.1989). "A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c). [Citation omitted.] Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review." *Carroll*, 6

---

1. All rule references are to the Missouri Rules of Civil Procedure (2000).

S.W.3d. at 217. We decline to address Desai's Point I. *Hall,* 10 S.W.3d at 545.

■ Moreover, in its second point on appeal, Desai alleges that the trial court erred when it refused to give an instruction that Desai had proposed. Rule 84.04(e) requires that "if a point relates to the ... refusal ... of an instruction, such instruction *shall* be set forth in full in the argument portion of the brief." (Emphasis added.) Desai does not set forth its offered instruction in the argument portion of its brief. Failure to set forth the refused instruction in the argument portion of its brief results in a failure to preserve Desai's second point for appellate review. *Hughes v. Palermo,* 911 S.W.2d 673, 674 (Mo.App. E.D.1995).

Desai's appeal is dismissed.

SPINDEN, C.J., and EDWIN H. SMITH, J., concur.