**Pete FRANKLIN and Pete Franklin National Auto Sales, Inc., Respondents,**

v.

**George VENTURA, Appellant.**

**No. WD 57978.**

Missouri Court of Appeals, Western District.

Dec. 12, 2000.

Richard C. Wallace, Shawnee, KS, for appellant.

David T. Holt, Kansas City, for respondents.

Before SPINDEN, C.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

George Ventura appeals the summary judgment of the circuit court for the respondents, Pete Franklin and Pete Franklin National Auto Sales, Inc., on their claim against him for damages, including punitive damages, for fraud and breach of contract, or in the alternative for restitution and punitive damages based on rescission. The respondents' claim arose out of an "Offer to Purchase" executed by respondent Pete Franklin, Country Club Auto Plaza, Inc. (Country Club), Jim Searing, and the appellant. In the offer, respondent Pete Franklin offered to purchase forty-seven percent (47%) of Country Club, which was owned by Searing and the appellant.

The appellant raises six points on appeal in which he claims that the trial court erred, on various grounds, in entering summary judgment for the respondents.

We dismiss for the appellant's failure to comply with Rule 84.04(d)(1).[1]

## Facts

In April of 1996, respondent Pete Franklin entered into an "Offer to Purchase" with Country Club and its owners, Jim Searing and the appellant, wherein they agreed to sell to Franklin forty-seven percent (47%) of the outstanding shares of Country Club in return for his loaning them $50,000. Although it is unclear from the record exactly what transpired thereafter, it is clear that on October 13, 1998, the respondents filed a three-count petition against the appellant in the Circuit Court of Jackson County concerning the agreement. In Count I, the respondents sought damages for fraud in inducing them

1. All rule references are to the Missouri Rules of Civil Procedure (2000), unless otherwise

to enter into the contract; in Count II, they sought damages for breach of the contract; and in Count III, they sought restitution and damages based on a rescission of the contract. The defendant filed his answer and a counterclaim on December 14, 1998.

On July 22, 1999, the respondents filed a motion for summary judgment on their claim and the counterclaim of the appellant. On October 27, 1999, the trial court sustained the respondents' motion for summary judgment, rescinding the contract between the parties and awarding the appellant $50,000 in restitution, plus prejudgment interest.

This appeal follows.

■ Before addressing the merits of the appellant's claims, we must first address the respondents' contention that the appellant's points relied on fail to comply with Rule 84.04(d)(1) such that we should decline to review them.

■ Rule 84.04(d)(1) provides:

Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the*

indicated.

*context of the case, support the claim of reversible error* ]."

Thus, under this rule, each point must:

(1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' Rule 84.04(d) 'sets forth a form for a point relied on that satisfies the [rule's] requirements.'

*Hall v. Missouri Bd. of Prob. & Parole,* 10 S.W.3d 540, 543 (Mo.App.1999) (citations omitted).

The appellant's points relied on read:

## I.

The Circuit Court erred in granting summary judgment for the Respondents because summary judgment is only appropriate when there is no genuine fact dispute.

## II.

The Circuit Court erred in granting summary judgment for the Respondents because the Respondents have not asserted nor proved the elements of fraud.

## III.

The Circuit Court erred in holding the Appellant liable for fraud because the fraudulent acts of another party can be imputed to another party.

## IV.

The Circuit Court erred in holding that prior adjudication between different parties is binding on the current case.

## V.

The Circuit Court erred in granting summary judgment because the Appellant was a necessary party in a prior case and the Respondents now are barred from recovering from the Appellant.

## VI.

The Circuit Court erred in granting summary judgment because the Respondents can not receive satisfaction from two different parties and they have not asserted that they have not received satisfaction from another judgment.

All six points fail to comply with the requirements of Rule 84.04(d)(1) in that they fail to: (1) "state concisely the legal reasons for the appellant's claim of reversible error"; and/or (2) "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." In addition, they are not substantially in the form provided by Rule 84.04(d)(1).

It is well settled that:

[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Myrick v. Eastern Broad., Inc.,* 970 S.W.2d 885, 886 (Mo.App.1998) (citations omitted). Further:

'It is not the function of the appellate court to serve as advocate for any party to an appeal.' Thus, we have no duty to search the transcript or record to discover the facts which substantiate a

point on appeal. 'That is the duty of the parties, not the function of an appellate court.'

*Hall,* 10 S.W.3d at 545 (citations omitted). In our view, the appellant's points relied on are so deficient that they preserve nothing for this court to review, justifying our dismissal of his appeal. *Id.* (citations omitted).

## Conclusion

We dismiss the appeal for the appellant's failure to comply with Rule 84.04(d)(1).

SPINDEN, C.J., concurs.

SMART, J., concurs in separate opinion.

SMART, Judge, concurring.

I concur in the dismissal of the appeal. Appellant's violations of Rule 84.04(d)(1) are among several briefing deficiencies. Appellant has failed to preserve anything for appeal. I write separately only to state that appellant's contentions, considered on their face in the light of the applicable facts, fail to indicate that dismissal of the appeal will result in any manifest injustice or miscarriage of justice.