**William R. DOWNS, Appellant,**

v.

**DIRECTOR OF ADULT INSTITUTIONS, et al., Respondents.**

**No. WD 58753.**

Missouri Court of Appeals, Western District.

March 6, 2001.

William R. Downs, Columbia, Appellant pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Troy Allen, Assistant Attorney General, Jefferson City, Attorneys for Respondents.

Before SPINDEN, C.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

William Downs appeals from the circuit court's order dismissing, for failure to state a claim upon which relief could be granted, his petition for declaratory judgment in which he sought a declaration by the court that the respondent, George Lombardi, the Director of Adult Institutions of the Missouri Department of Corrections, had acted unlawfully in allowing his inmate account to be debited for payment of filing fees for civil lawsuits filed by the appellant, as authorized by § 506.372 [1] and § 217.260.6, such that his account was reduced to a zero balance.

The appellant raises what he denominates as two points on appeal. Because he fails to substantially comply with the requirements of Rule 84.04(d),[2] we cannot review on the merits and dismiss.

### Facts

On June 7, 1994, the appellant was convicted in the Circuit Court of Boone County, Missouri, of second degree assault, § 565.060, and armed criminal action, § 571.015. On July 11, 1994, he was sentenced to consecutive terms of three years imprisonment on each count and was subsequently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri.

While in prison, the appellant filed various *pro se* civil cases in both federal and state courts. The filing of these cases necessitated the payment of filing fees, payable from the appellant's prison account. As a result, the appellant's account was reduced to zero.

On May 24, 2000, the appellant filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri, seeking a declaration by the court that the Missouri Department of Corrections could not reduce his account to zero. On June 7, 2000, the trial court found that the appellant's petition failed to state a claim upon which relief could be granted and dismissed it.

This appeal follows.

### I.

Because we must determine, *sua sponte,* our jurisdiction, *Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 542–43 (Mo.App.

---

1. All references to § 506.372 are to RSMo Supp. 1997. All other statutory references are to RSMo 1994, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2000), unless otherwise indicated.

1999) (citations omitted), we first must address whether or not the appellant's facially deficient points relied on sufficiently comply with Rule 84.04(d), which sets forth the requirements for a valid point relied on, to invoke our jurisdiction. We find that they do not.

■ The current version of Rule 84.04 provides, in pertinent part:

**(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

. . .

(4) Abstract statements of law, standing alone, do not comply with this rule. Any reference to the record shall be limited to the ultimate facts necessary to inform the appellate court and the other parties of the issues. Detailed evidentiary facts shall not be included.

Thus, the rule requires that each point relied on: (1) identifies the trial court's ruling or action that the appellant is challenging on appeal; (2) states the legal reasons for the appellant's claim of reversible error; and (3) explains in summary fashion why, in the context of the case,

those legal reasons support the claim of reversible error. *Wilson v. Carnahan*, 25 S.W.3d 664, 666 (Mo.App.2000) (citations omitted). "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* (citations omitted). Rule 84.04(d) " 'sets forth a form for a point relied on that satisfies the [rule's] requirements.' " *Id.* (*quoting In re Marriage of Wright*, 990 S.W.2d 703, 708 (Mo. App.1999)).

■ "Insufficient points relied on preserve nothing for this court to review, and, as such, [v]iolations of Rule 84.04 are grounds for a court to dismiss an appeal." *Wilson*, 25 S.W.3d at 667 (citations omitted).

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Hall*, 10 S.W.3d at 544–45 (*quoting Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885, 886 (Mo.App.1998)). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App.1999) (*quoting Thummel v. King*, 570 S.W.2d 679, 686 (Mo. *banc* 1978)).

■ "Pro se appellants are held to the same procedural rules as attorneys and do not receive preferential treatment regard-

ing compliance with rules of procedure such as Rule 84.04." *Shochet,* 987 S.W.2d at 518. " 'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers.' " *Wilson,* 25 S.W.3d at 667 (*quoting Murphy v. Shur,* 6 S.W.3d 207, 208 (Mo. App.1999)).

■ In this case, both of the appellant's points relied on fail to comply with the requirements of Rule 84.04(d). His first point consists of seven numbered paragraphs covering one and one-half pages, while his second point consists of six numbered paragraphs slightly more than one page long.[3] Besides not being substantially in the suggested form as set out in the rule, nowhere do the appellant's points identify the trial court's ruling or rulings which the appellant is challenging on appeal or even state that "the trial court erred"; nor do they set out concisely the legal reasons for the claim of reversible error or the factual basis therefor, as required by the rule. Rule 84.04(d); *Thummel,* 570 S.W.2d at 686–87. In fact, "the appellant's points are 'so nebulous that it is impossible to identify which of several possible claims' he is attempting to raise in each point." *Hall,* 10 S.W.3d at 544 (*quoting J.A.D. v. F.J.D.,* 978 S.W.2d 336, 339 (Mo. *banc* 1998)). "His points 'do not intelligibly disclose the issues [he] is pursuing on appeal,' " *Hall,* 10 S.W.3d at 544 (*quoting Shochet,* 987 S.W.2d at 519), but are merely abstract conclusions, with no legal support provided, and are not sufficient under the rule. *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App.1998).

■ The appellant's first point relied on is also deficient in that it does not comply with Rule 84.04(d)(5) inasmuch as the authority cited by the appellant in support of the claim raised relates only to our standard of review and the manner in which we are to interpret a statute. Rule 84.04(d)(5) provides:

> In support of each "Point Relied On," and immediately following the statement of the Point, the appellant or relator shall cite all authorities upon which the argument rests. If more than three authorities are cited, the three authorities on which the appellant, relator, or petitioner principally relies shall be cited first.

The appellant does not, as required by the rule, provide any authority for his claimed interpretation of the implicated statutes. *See Coleman,* 969 S.W.2d at 274 (holding that "an appellate court is not required to review an appellant's point relied on, which appears without citation of applicable or relevant authority"). If no such citations exist because this is a case of first impression, "the appellant is required to include an explanation for the absence of citation." *Id.* (*citing Thummel,* 570 S.W.2d at 687). Here, the appellant provided no such explanation. It is not the job of this court to make the appellant's legal arguments for him or to determine the support for his legal arguments. *Myrick,* 970 S.W.2d at 886.

The appellant's second point is also deficient in that it also does not comply with Rule 84.04(d)(5) in that, while the appellant does cite two cases following his point relied on, neither of these cases is cited in

---

**3.** The points relied on in this case are so long that they will not be reproduced in this opinion. For reference, the points are laid out in numbered paragraphs as if they were allegations in a petition, rather than an appellate brief. In fact, these numbered paragraphs continue through the points into the argument portion of the brief, where, again, the appellant fails to comply with Rule 84.04(e) by not restating the point relied on at the beginning of each argument discussing that point, as required.

the argument portion of his brief as to Point II. Thus, we do not know the legal arguments or propositions for which these cases were cited. Again, it is not this court's job to make the legal arguments for the appellant. *Myrick*, 970 S.W.2d at 886.

Because the appellant's points relied on do not substantially comply with Rule 84.04(d), they preserve nothing for appellate review, and we decline to address them. *Hall*, 10 S.W.3d at 545 (citations omitted).

## Conclusion

The appellant's appeal is dismissed for failure to comply with Rule 84.04.

SPINDEN, C.J., and NEWTON, J., concur.