MARKETING & CREATIVE SUPPORT SERVICES, INC., Appellant,

v.

ELLISON–AUXIER ARCHITECTS, INC., Respondent.

No. WD 59374.

Missouri Court of Appeals, Western District.

Dec. 4, 2001.

**608**

Theodore M. Kranitz, St. Joseph, for appellant.

R. Edward Murphy, Sharon Kennedy, St. Joseph, for respondent.

Before SPINDEN, C.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

PER CURIAM.

Marketing and Creative Support Services, Inc., appeals the summary judgment of the Circuit Court of Buchanan County for the respondent, Ellison–Auxier Architects, Inc., on the appellant's petition seeking damages for trespass and conversion.[1] The appellant's claims against the respondent arose out of the removal and replacement of a jointly-owned wall located between the appellant's property at 805–807 Francis Street, St. Joseph, Missouri, and the adjoining property of the Young Women's Christian Association (YWCA). The respondent had contracted with the YWCA to design the replacement wall as part of a construction project to add an aquatic center at the YWCA, which it also designed.

In its sole point on appeal, the appellant claims that the trial court erred in granting summary judgment to the respondent on the appellant's petition because there was a genuine dispute as to a material fact.

We dismiss for the appellant's failure to substantially comply with Rule 84.04(d)(1).[2]

### Facts

On December 23, 1994, the YWCA contracted with the respondent, an architectural firm, to design an aquatic center that was to be built by E.L. Crawford Construction, Inc., on the YWCA's property located at 304 North 8th Street, St. Joseph, Missouri. Adjoining this property was property owned by the appellant. Located between the property of the appellant and the YWCA was a jointly-owned fieldstone wall. The wall, which was constructed of native fieldstones, was approximately two feet thick, eight feet high, and 120 feet in length.

During the construction of the aquatic center, the appellant raised several concerns about the stability of the wall, which was beginning to bow out. The respondent, on behalf of the YWCA, had conversations with the appellant as to what might be done about the wall, but a consensus was never reached. Following these conversations, the appellant and the YWCA both received letters, dated April 1, 1998, from Peyton Bartlett, a building inspector for the City of St. Joseph, notifying them that the wall had been declared a "public nuisance" and that they had thirty days within which to repair or demolish it.

---

1. Having read the appellant's petition, it appears to sound only in trespass and conversion. However, in its judgment entry, the trial court references an action for ejectment. Regardless, given our disposition of this appeal, we need not address this apparent inconsistency.

2. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

In April 1998, E.L. Crawford, at the YWCA's request, removed and replaced the fieldstone wall with a concrete wall, which was designed by the respondent pursuant to a contract entered into with the YWCA. Prior to the wall being removed and during the construction of the new concrete wall, the record reflects that the appellant never indicated to the respondent or the YWCA that it opposed the removal and replacement of the wall. However, the record does not reflect that the appellant ever gave consent to the YWCA to replace the wall. The record is unclear as to whether the appellant ever notified the respondent or the YWCA, after the new concrete wall was completed, concerning any objections it had to the manner in which the wall was removed and replaced.

On October 14, 1999, the appellant filed a petition for damages against the respondent in the Circuit Court of Buchanan County alleging trespass and conversion. In its petition, the appellant alleged that construction workers employed by E.L. Crawford, during their removal and replacement of the fieldstone wall, trespassed on its property and wrongfully converted the fieldstones to their own use, without its consent. Although the fieldstone wall was removed and replaced by employees of the general contractor, the appellant alleged that the respondent was responsible for their actions because it supervised and exercised control over all of the work done by the general contractor on the project.

The respondent filed its answer to the appellant's petition on February 18, 2000. On August 18, 2000, the respondent filed a motion for summary judgment. The appellant filed its response to the respondent's motion for summary judgment on September 18, 2000. Although the record is not clear as to whether a hearing was held on the respondent's motion for summary judgment, the record does reflect that the trial court overruled it on September 22, 2000. On September 28, the trial court, pursuant to the respondent's motion, set aside its order denying summary judgment and docketed the respondent's motion for summary judgment for hearing. The motion was heard on October 3, 2000, and taken under advisement. The motion was sustained by the trial court on October 24, 2000.

This appeal follows.

### Appellant's Point Relied On

■ Before addressing the merits of the appellant's claim of error, we first must address the respondent's contention that the appellant's point relied on preserves nothing for our review because it fails to comply with Rule 84.04(d), setting forth the requirements for valid points relied on.

■ Rule 84.04(d) provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

" 'Thus, the rule requires that each point relied on: (1) identify the trial court's rul-

ing or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000) (*quoting Hall v. Mo. Bd. of Prob. and Parole,* 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.* "Rule 84.04(d) 'sets forth a form for a point relied on that satisfies the [rule's] requirements.' " *Id.* (*quoting In re Marriage of Wright,* 990 S.W.2d 703, 708 (Mo. App.1999)).

The respondent contends that the appellant's point relied on does not comply with Rule 84.04(d)(1) because it states nothing more than an abstract conclusion of law. The appellant's point relied on reads:

> The trial court erred in entering summary judgment against plaintiff, because there is material matter in the record which raises a genuine dispute as to the facts underlying defendant's claimed right to such judgment, and because defendant did not establish a right to judgment as a matter of law. The trial court should not have set aside its first order denying summary judgment and should have finally denied defendant's motion for summary judgment.

While the appellant does set forth the ruling it seeks to challenge, it fails to specify the legal reason for its claim of error and to explain, in summary fashion, why in the context of this case it supports its claim of reversible error. In that regard, it does not state what material fact it claims is in dispute nor in the context of this case, the significance of that fact. Thus, we would agree with the respondent

that the appellant's claim is nothing more than an abstract statement of the law, which fails to comply with Rule 84.04(d)(1)(B) and (C).

 It is well-settled that:

[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App.2000) (citation omitted). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999) (*quoting Thummel v. King,* 570 S.W.2d 679, 686 (Mo. *banc* 1978)). "As such, we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal." *Wilson,* 25 S.W.3d at 667. " 'That is the duty of the parties, not the function of an appellate court.' " *Id.* (*quoting Nell v. Fern–Thatcher Co.,* 952 S.W.2d 749, 755 (Mo.App.1997)).

Because the appellant's point relied on fails to substantially comply with Rule 84.04(d), it preserves nothing for our review, requiring dismissal of its appeal. *Franklin,* 32 S.W.3d at 804 (citation omitted).