ROSEHILL GARDENS, INC., Respondent,

v.

David LUTTRELL, Appellant,

and

Nancy Luttrell, Defendant.

No. WD 59489.

Missouri Court of Appeals, Western District.

Jan. 29, 2002.

Robert B. Best, Jr., Anne Schiavone, Kansas City, for Respondent.

Tony Shapiro, Overland Park, for Appellant.

Before SPINDEN, C.J., EDWIN H. SMITH, J., and TURNAGE, Sr.J.

EDWIN H. SMITH, Judge.

David Luttrell appeals the judgment of the Circuit Court of Jackson County awarding damages of $55,148 plus contractual interest and attorney's fees to the respondent, Rosehill Gardens, Inc., on its breach of contract claim against the appellant and his then wife, Nancy Luttrell.[1] With respect to its contract claim, the respondent alleged in its petition and the trial court found that the appellant and his ex-wife had failed to pay, as contracted, for the landscaping work done by the respondent at their then residence.

The appellant raises two points on appeal. In Point I, he claims that "[t]he trial court erred in entering judgment for Respondent because [he] had expressly told Respondent that he was not authorizing Respondent's work and that any work done by Respondent would have to be paid by Nancy Luttrell, thus Respondent's legal theories, whether they are based on contract, apparent or implied authority, or quantum meruit, must fail." In Point II, he claims that the trial court erred in entering judgment against him and awarding the respondent damages in the total amount of its invoices, for breach of the landscaping contract signed by his ex-wife, because: (1) in doing so, the trial court misapplied the law in that he was not a party to the contract since he had not signed it; and (2) even if he was a party and bound by the contract, under the warranty provided therein, he was due a setoff for the plants that had died at the time of trial.

We dismiss the appeal and sustain the respondent's motion for an award of attorney's fees on appeal, remanding to the

---

1. The marriage between the appellant and Nancy Luttrell was dissolved while this appeal was pending.

trial court for the sole purpose of determining the reasonable amount of the award.

## Facts

In March of 1999, the appellant and his then wife, Nancy Luttrell, contacted Charlie Hopper, an employee of the respondent, requesting him to provide a landscaping plan for their residence at 5300 Belleview, Kansas City, Missouri, which at that time they jointly owned. In response to the request, Hopper submitted a landscaping proposal on April 6, 1999, to the appellant and Nancy, incorporating their suggestions. The proposal was never signed due to the appellant's desire to make changes thereto. In that regard, the appellant believed that he could save money by doing some of the work and providing some of the materials provided for in the proposal through his construction company.

Between April 1999 and October 1999, Hopper met with the appellant and Nancy once or twice a month to discuss desired changes to the landscaping proposal. Sometimes he would meet with both of them and sometimes just with Nancy. On October 6, 1999, Hopper submitted a second proposal to the appellant and Nancy for their acceptance and signatures. On November 16, 1999, Hopper met with the appellant at the residence and made several revisions to the second proposal. The appellant indicated to Hopper that he wanted to get the proposal signed and commence work as soon as possible, but that Hopper needed to meet with Nancy and get her to sign off on the proposal because "she was the boss." The following day, Hopper met with Nancy and discussed the changes the appellant wanted made to the second proposal. After Hopper and Nancy had discussed the changes, she telephoned the appellant and went over the details of the revised second proposal with him. After talking with the appellant, Nancy signed the revised second proposal and authorized the respondent to begin work. The revised second proposal was never signed by the appellant.

The respondent began work at the appellant's residence on November 17, 1999, unaware that the appellant had moved out of the residence in October 1999, intending to dissolve his marriage to Nancy. After several days of delivering trees and shrubs, and preparing the soil for planting, Hopper called the appellant's construction company to inquire as to when the topsoil, which was to be provided by the appellant, would be delivered to the residence. An employee of the appellant, Tim Cupp, spoke with Hopper and informed him that the appellant and Nancy were getting a divorce and that the appellant would no longer be providing the topsoil for the project. At this time, nearly 30% of the first phase of the project had been completed. At that point, Hopper told the respondent's employees to cease work until he figured out who would be providing the topsoil. Hopper then contacted Nancy, who informed him that she would call him back after discussing the problem with the appellant. A few minutes later, Nancy called Hopper back and told him that the topsoil was to be provided by the respondent. The respondent made arrangements for the necessary topsoil to be delivered, at which time the landscaping work continued.

Hopper saw the appellant almost every other day while the landscaping was being done, and the appellant would frequently answer questions that arose in regard thereto. Hopper testified that the appellant "took the lead on the majority of what went on during the project and the decisions with the money."

The respondent sent an initial invoice for $33,198 to the appellant's residence on

November 29, 1999, which reflected the cost of the goods and services provided by the respondent during the first few weeks of work. The respondent completed the work in early December 1999. A second invoice for $21,950, dated December 16, 1999, which reflected the cost of the remaining goods and services that had been provided, was sent to the appellant's residence. The respondent never received any payment on the first or second invoice from either the appellant or Nancy.

Having failed to receive payment as agreed, the respondent filed a two-count petition against the appellant and Nancy on September 5, 2000, in the Circuit Court of Jackson County, alleging breach of contract and *quantum meruit*. The appellant filed his answer to the respondent's petition on October 6, 2000, raising several affirmative defenses to the breach of contract claim, including that he was not a party to the contract and that Nancy lacked the express or implied authority to contract with the respondent on his behalf.

A one-day bench trial was held on December 7, 2000. After hearing the evidence, the trial court found that the appellant and Nancy were jointly and severally liable under the landscaping proposal signed by Nancy and awarded the respondent damages in the entire amount of its invoices plus interest, attorney's fees and expenses, as provided in the agreement.[2] On December 8, 2000, the trial court entered its judgment for the respondent awarding it $55,148 for labor and materials; $7,457.48 for attorney's fees and expenses; and $9,740.41 in accrued interest.

This appeal follows.

**Standard of Review**

◼ Our review of a court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. *banc* 1976). As such, we will affirm the trial court's award in favor of the respondent unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32; *Laclede County v. Douglass,* 43 S.W.3d 826, 827 (Mo. *banc* 2001).

**I.**

In Point I, the appellant claims:

The trial court erred in entering judgment for Respondent because Appellant David Luttrell had expressly told Respondent that he was not authorizing Respondent's work and that any work done by Respondent would have to be paid by Nancy Luttrell, thus Respondent's legal theories, whether they are based on contract, apparent or implied authority, or quantum meruit, must fail.

Before addressing the merits of the appellant's claim in this point, we first must address whether his point relied on substantially complies with Rule 84.04(d)[3] so as to properly preserve his claim for review.

◼ Rule 84.04(d) sets forth the requirements for valid points relied on, and reads:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

 (A) identify the trial court ruling or action that the appellant challenges;

 (B) state concisely the legal reasons for the appellant's claim of reversible error; and

---

2. Although she was duly served with a copy of the respondent's petition, the appellant's ex-wife did not file a responsive pleading, as required, and was found to be in default.

3. All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

Rule 84.04(d). " 'Thus, the rule requires that each point relied on: (1) identify the trial court's ruling or action that the appellant is challenging on appeal; (2) state the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.' " *Wilson v. Carnahan,* 25 S.W.3d 664, 666 (Mo.App.2000) (*quoting Hall v. Mo. Bd. of Prob. & Parole,* 10 S.W.3d 540, 543 (Mo.App.1999)). " 'The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.' " *Id.* "Rule 84.04(d) 'sets forth a form for a point relied on that satisfies the [rule's] requirements.' " *Id.* (*quoting In re Marriage of Wright,* 990 S.W.2d 703, 708 (Mo.App.1999)).

■ In his point relied on, the appellant fails to specify the legal reason or reasons for his claim of error, as required by the rule. It is well settled that:

> [c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's

assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App.2000) (citations omitted). " 'It is not the function of the appellate court to serve as advocate for any party to an appeal.' " *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999) (*quoting Thummel v. King,* 570 S.W.2d 679, 686 (Mo. *banc* 1978)). Thus, "[i]t is not the job of this court to make the appellant's legal arguments for him." *Downs v. Dir. of Adult Insts.,* 40 S.W.3d 19, 22 (Mo.App.2001) (citation omitted). Because the appellant's point fails to substantially comply with Rule 84.04(d), it preserves nothing for our review, such that we dismiss his claim of error. *Franklin,* 32 S.W.3d at 804 (citations omitted).

Point dismissed.

## II.

In Point II, the appellant claims that the trial court erred in entering judgment against him and awarding the respondent damages in the total amount of its invoices, for breach of the landscaping contract signed by his ex-wife, because: (1) in doing so, the trial court misapplied the law in that he was not a party to the contract since he had not signed it; and (2) even if he was a party and bound by the contract, under the warranty provided therein, he was due a set-off for the plants that had died at the time of trial.

### A. Failure to Sign the Proposal

■ Before discussing the merits of the appellant's claim, we would first note that he does not cite in his argument any authority for his claim, as required by Rule 84.04(d)(5), or explain why none is

available. The only cases cited by the appellant in this point are *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. *banc* 1976), for the standard of review for bench-tried cases, and *Memco, Inc. v. Chronister*, 27 S.W.3d 871, 877 (Mo.App.2000), for the "American rule" that litigants must bear the expense of their own attorney's fees, absent a contract or statutory provision to the contrary. Neither of these cases cited by the appellant are relevant to his claim that the trial court erred in entering judgment against him and awarding damages to the respondent because he was not a party to the contract in that he never signed it. "An appellant's failure to cite relevant authority or explain why such authority is not available acts as an abandonment of the point on appeal." *Asbury v. Crawford Elec. Co-op., Inc.*, 51 S.W.3d 152, 158–59 (Mo.App.2001). In any event, even if we were to ignore the appellant's briefing deficiency and review his claim, he still would not be entitled to the appellate relief he seeks.

▬▬▬ The appellant claims that an award of damages on the landscaping contract was erroneous in that he did not sign it. His claim is without merit. It is well settled that a principal does not necessarily have to be a signatory to a contract in order to be bound thereby; one such instance is where an agent of the principal has express, implied or apparent authority to enter into the contract on behalf of the principal. *Stram v. Miller*, 663 S.W.2d 269, 274–75 (Mo.App.1983). In that regard, one spouse is not generally considered an agent for the other for purposes of entering into a contract. However, an agreement entered into by one spouse with a third party will bind the other spouse where the spouse entering into the agreement had the apparent authority to act on the other spouse's behalf in entering the agreement or the other spouse later ratifies it. *Cohn v. Dwyer*, 959 S.W.2d 839, 843 (Mo.App.1997). "In the husband-wife context, one spouse cloaks the other with apparent authority to act on his or her behalf if the facts and circumstances surrounding the transaction give rise to a reasonable and logical inference that the non-acting spouse empowered the acting spouse to act for him or her." *Id.* (citation omitted).

Here, the trial court found "that Nancy Luttrell had apparent authority to bind [the appellant] on the contract, and that [the appellant] was an active participant in the contract[.]" Thus, in finding that the appellant was bound by the landscaping contract signed by the appellant's ex-wife and awarding damages from him to the respondent for a breach thereof, even though he was not a signatory thereto, the trial court did not misapply the law, as the appellant claims in this point.[4]

## B. Warranty Set-off for Dead Plants

▬▬▬ In this point, the appellant also claims that even if he was bound by the landscaping contract, the trial court erred in awarding the respondent damages in the full amount of the respondent's invoices, because, under the warranty provision of the contract, he was due a set-off for the plants that had died at the time of trial. We disagree.

As in the case of his claim with respect to his not having signed the landscaping contract, the appellant does not cite in his argument any authority for his claim or why none was available. As such, we deem it abandoned. *Asbury*, 51 S.W.3d at

---

4. The appellant does not challenge in this point the sufficiency of the evidence to find that the appellant's ex-wife had the apparent authority to bind him to the landscaping contract such that we need not address this issue. *Weisenburger v. City of St. Joseph,* 51 S.W.3d 119, 125 (Mo.App.2001).

158–59. In any event, even if we were to review the appellant's claim, it is without merit in that the warranty provision of the agreement, under which the appellant claims he is entitled to a set-off on the respondent's award of damages, expressly provides for replacement of the warranted plants, not a refund or credit against the invoices for the dead plants, which is what the appellant seeks by his claim.

Point dismissed.

### Respondent's Motion for Attorney's Fees on Appeal

 The respondent filed a motion for attorney's fees and expenses on appeal in the amount of $10,980.76, which motion was taken with the case. The appellant filed suggestions in opposition to the motion, contending that an award of attorney's fees and expenses could not be made because he was not a signatory to the contract.

 Missouri has adopted the "American Rule" which provides that litigants are generally required to bear the expense of their own attorney's fees absent statutory authorization or contractual agreement. *Strain–Japan R–16 Sch. Dist. v. Landmark Sys., Inc.,* 51 S.W.3d 916, 920 (Mo.App.2001). However, both trial and appellate courts may award attorney's fees to a party if such an award is authorized by statute or contractual agreement. *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo.App.2000). With respect to attorney's fees on appeal, a party may be allowed to recover these fees if they "are based upon a written agreement that is the subject of the issues that are presented in the appeal." *Dominion Home Owners Ass'n, Inc. v. Martin,* 953 S.W.2d 178, 183 (Mo. App.1997) (*citing Am. Nat'l Ins. Co. v. Noble Communications Co.,* 936 S.W.2d 124, 134 (Mo.App.1996)).

Having found that the appellant was bound by the landscaping proposal signed by his ex-wife, he is necessarily subject to the "Remedies" provision thereof, providing: "If Rosehill engages an attorney to enforce or defend its rights, then, in addition to all other sums due from Customer, Rosehill shall be entitled to recover the costs of such enforcement including, without limitation, reasonable attorney's fees and expenses, title work, and court costs." Thus, the respondent would be entitled to an award of reasonable fees and expenses on appeal.

 When fixing the amount of attorney's fees to be awarded, courts are considered experts, and their expertise extends to the value of appellate services. *Id.* And, although appellate courts have the authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested. *Knopke v. Knopke,* 837 S.W.2d 907, 924 (Mo.App. 1992). As such, we remand to the trial court for the sole purpose of conducting a hearing to determine the reasonableness of the attorney's fees and expenses requested on appeal by the respondent and enter judgment accordingly.

### Conclusion

The appellant's claims of error are dismissed for failure to comply with Rule 84.04(d). The respondent's motion for attorney's fees and expenses on appeal is sustained, and we remand to the trial court for further proceedings consistent with our opinion.

SPINDEN, C.J., and TURNAGE, Sr.J., concur.