In the Interest of C.G.

C.B.G., Appellant,

v.

**Dade County Juvenile Office,**
**Respondent.**

No. 27558.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 30, 2007.

Verna L. Haun, Douglas, Haun & Heidemann, P.C., Bolivar, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Glen D. Webb, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

C.B.G. ("Father") appeals the trial court's judgment terminating his parental rights to his minor son, C.G. ("Child"), upon a petition filed by the Children's Division of the Department of Social Services ("Division"). Father raises ten points of alleged trial court error, including a contention that the trial court proceeded to hold a dispositional hearing on the petition without complying with the requirement of § 211.455,[1] that the investigation and social study required by that section be made available to Father at least fifteen days prior to any dispositional hearing. Finding this point dispositive of this appeal, we reverse the judgment and remand the case for the trial court to hold a new trial.

### 1) *Factual and Procedural Background*

In July 2001, Father was living with C.W. ("Mother"), who was approximately four months' pregnant with Child. Also living in the household were Father's two older children from a prior marriage, B.G. and C.A.G., and Mother's son by a prior marriage, D.W. After discovering severe bruising on C.A.G. and ascertaining that Mother had inflicted the injuries, Father reported the abuse to the Division. The Division and law enforcement initiated investigations. As a result of the Division's investigation, B.G., C.A.G., and D.W. were removed from the home, and juvenile proceedings were commenced. As a result of the law enforcement investigation, Mother was charged with felony child abuse.

---

1. References to statutes are to RSMo 2000, unless otherwise indicated.

Eventually she was convicted and sentenced to the Department of Corrections for this offense.

On December 11, 2001, before her conviction, Mother gave birth to Child. On this date, Father was in jail on unrelated charges for which he was also eventually convicted and sentenced to the Department of Corrections. Two days after Child's birth, the Juvenile Officer of Dade County, Missouri filed a petition in the juvenile division of the Circuit Court of Dade County asserting jurisdiction over Child as a result of Mother's abuse of C.A.G. and Father's failure to protect C.A.G. from such abuse. The trial court assumed jurisdiction over Child and ordered Child's temporary custody be placed with the Division.

On October 16, 2003, the Division filed a Petition for Termination of Parental Rights, praying for the termination of Father's parental rights in Child.[2] Father answered the petition and actively contested the termination proceeding. After several delays and aborted trial settings, the trial court, on February 28, 2005, set the petition for trial on May 18, 2005. On that date, all parties and their counsels appeared and announced ready for trial. After hearing evidence all day, the trial court adjourned the trial until June 29, 2005. On that date, the parties and their counsels were once again all present in court and announced ready to recommence the trial on the petition. Evidence was taken all day, and again, the trial court adjourned the trial to take additional evidence until December 22, 2005.

On August 11, 2005, this court handed down its opinion in *In the Interest of A.H.*, 169 S.W.3d 152 (Mo.App.2005), wherein we reversed a judgment terminating parental rights because of the trial court's failure to order an investigation and social study prepared as required by § 211.455.3. Id. at 157–58. Fourteen days later on August 25, 2005, the trial court in the case at bar entered the following order:

> In consideration of the recent decision *In the Matter of A.H.*, and in the efforts of this Court to comply with the requirements of Section 211.455 RSMo, and in accordance with provision of Section 211.455.1 RSMo the Court has met with the Juvenile Officer and has determined that all parties have been served.
>
> The Courts [sic] finds that neither parents nor any potential parent has consented to the termination of parental rights. Therefore, in accordance with the provisions of Section 211.455.3 RSMo the Court Orders Children's Division to conduct an investigation and social study. The content of the Investigation shall include, but not necessarily be limited to all items listed in 211.455.3 RSMo. This Investigation shall be reduced to a written report and shall be made available to the parties and attorneys, guardian ad litem, or volunteer advocate at least fifteen days prior to any dispositional hearing.
>
> The parties, counsel, guardian ad litem and volunteer advocate are put on notice that said report which is mandated by law is intended to aid the Court in determining whether termination of parental rights is in the child's best interest. The report will not be used in determining whether there exists one or more of the statutory grounds for termination.

---

**2.** The Division also filed petitions seeking termination of Mother's parental rights in C.G. and D.W. These petitions, along with the petition against Father, were tried simultaneously by the trial court, and judgments were also entered terminating Mother's parental rights as sought. Mother appealed both judgments, but the appeals were dismissed for failure to timely file the transcript on appeal.

On September 30, 2005, Father filed a motion to dismiss the petition due to the trial court's failure to fully comply with the requirements of § 211.455 and an alternative motion challenging the appointment of the Division to perform the investigation and social study due to their bias associated with being the petitioner in the case. On October 25, 2005, the trial court denied both motions. Thereafter on November 14, 2005, the Division filed with the clerk its written report of its investigation and social study and its certificate of service of the same upon all parties.

As previously scheduled, the trial on the petition reconvened on December 22, 2005, additional evidence was taken, and the trial was concluded. Thereafter, the trial court entered its judgment terminating Father's parental rights in Child, and this appeal followed.

### 2) *Standard of Review*

■ In a termination of parental rights proceeding, we are to sustain the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In the Interest of A.S.O.*, 75 S.W.3d 905, 914 (Mo.App.2002).

### 3) *Failure to Comply with § 211.455*

Section 211.455 provides, in pertinent part:

1. Within thirty days after the filing of the petition, the juvenile officer shall meet with the court in order to determine that all parties have been served with summons and to request that the court order the investigation and social study.

. . . .

3. The court shall order an investigation and social study.... The investigation and social study shall be made by the juvenile officer, the state division of family services or a public or private agency authorized or licensed to care for children or any other competent person, as directed by the court.... All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court at least fifteen days prior to any dispositional hearing.

Father contends in his fourth point that the trial court erred by failing to comply with the requirements of § 211.455 in three respects. First, "the meeting between the juvenile officer and the Court occurred almost two years after the Petition for Termination of Parental Rights was filed[.]" Second, "the Children's Division filed an Investigation and Social Study without Court order and without the Court designating the agency to prepare that report as required by statute[.]" Third, "the Investigation and Social Study ordered by the Court on August 25, 2005 was ordered during the trial and was not received by [Father] until after the trial began."

### a) *Failure of Juvenile Officer to timely meet with the Court*

■ Father first contends that the docket sheet of the case fails to reflect any meeting between the juvenile officer and the trial court in the thirty days immediately following the filing of the petition for termination on October 16, 2003, as required by § 211.455.1. While a docket entry would be good practice and would affirmatively prove that such a meeting occurred, the absence of such a docket entry does not necessarily prove that such a meeting did not occur within that time period. At best, it can only be said that the lack of a docket entry within that time period is inconclusive as to whether such a meeting occurred.

Father next contends that the order entered by the trial court on August 25, 2005 supports the proposition that a meeting between the juvenile officer and the trial court, as required by § 211.455.1, only occurred after more than thirty days after the petition to terminate had been filed. We disagree. This order simply states that "the Court has met with the Juvenile Officer and has determined that all parties have been served." It gives no indication as to when this meeting took place.

Pointing to no other evidence in the record, Father has failed to demonstrate that the meeting between the juvenile officer and the trial court as required by § 211.455.1 did not occur within thirty days after the petition was filed. *See In the Interest of A.D.G.,* 23 S.W.3d 717, 719 (Mo.App.2000) (record was inconclusive as to whether the meeting occurred). Father's first contention under this point is denied.

### b) *Investigations and Social Studies filed before Court Order*

■ Father next contends that the Division's voluntary filing of investigations and social studies prior to the trial court's order on August 25, 2005, which ordered the Division to file an investigation and social study pursuant to § 211.455.3, is a violation by the trial court of § 211.455. We find no merit in this contention.

Father cites *A.H., supra,* wherein the trial court accepted into evidence and relied upon in making its best-interest determination an investigation and social summary which was voluntarily filed with the trial court by the Division simultaneously with the filing of the petition for termination. *A.H.,* 169 S.W.3d at 154–55. The trial court never ordered the Division to make an investigation and social study pursuant to § 211.455.3. Id. We found that the trial court's reliance upon an investigation and social study voluntarily

prepared by the Division and which was not filed pursuant to the trial court's order under § 211.455.3 failed to comply with the intent of that statute and was erroneous. Id. at 159. We reversed the judgment terminating parental rights. Id.

The instant case is distinguishable from the facts in *A.H., supra,* in that while the Division voluntarily filed investigations and social studies prior to being ordered to do so, Father has directed us to nothing in the record to indicate that any such report was admitted into evidence or in any way otherwise relied upon by the trial court in making its best-interest determination. The only investigation and social study admitted into evidence and relied upon by the trial court was the November 14, 2005 investigation and social study prepared by the Division, pursuant to the August 25, 2005 trial court order under § 211.455. Father's second contention under this point is denied.

### c) *Timely Availability of § 211.455.3 Investigation and Social Study*

■ Father's final contention under this point posits trial court error in ordering the § 211.455.3 investigation and social study after the trial on the merits had commenced so that it was impossible for such report to be made available to Father fifteen days prior to the dispositional hearing, as required by the last sentence in § 211.455.3. This issue has not previously been addressed by an appellate court of this state, and as such is one of first impression. We agree that this action constituted reversible error.

The written report of the investigation and social study contemplated by section 211.455 is mandatory, *In the Interest of T.G.,* 965 S.W.2d 326, 332 (Mo.App. 1998), and is intended to aid the court "in determining whether termination of parental rights is in the child's best in-

terest." *In the Interest of S.J.,* 849 S.W.2d 608, 612 (Mo.App.1993). *A.H.,* 169 S.W.3d at 156. In addition, the trial court is aided in making its best-interest determination by the findings required by § 211.447.6. *In the Interest of A.Y.M.,* 154 S.W.3d 412, 416 (Mo.App. 2004). However, these are not the only considerations for the trial court, because the best-interest determination is "an ultimate conclusion based on the totality of the evidence presented." Id. at 417, *quoting In the Interest of A.T.,* 88 S.W.3d 903, 909 (Mo.App.2002).

As applied in the instant case, the "totality of the evidence presented" includes the testimony and evidence offered and taken during the first two days of trial on May 18, 2005 and June 29, 2005. On both dates, Father was required to cross examine the Division's witnesses and directly examine his own witnesses without the knowledge of the contents of the Division's report to the court of its investigation and social study which was thereafter filed on November 16, 2005.

Our Supreme Court in *In the Interest of C.W.,* 211 S.W.3d 93, 97–98 (Mo. banc 2006), recently addressed § 211.455 in the same factual context as that in *A.H., supra.* The Court stated that "[t]he reasoning in *A.H.* is consistent with the language of the statute. Therefore, this Court holds that section 211.455 requires the circuit court to order the mandatory investigation and social study after the petition is filed." *C.W.,* 211 S.W.3d at 97–97. In supporting this holding, the Court noted that "[g]iven the fundamental interests involved, there must be strict and literal compliance with the statutes authorizing the State to terminate the parent-child relationship. *In re K.A.W.,* 133 S.W.3d 1, 16 (Mo. banc 2004). Failure to strictly comply with section 211.455 is reversible error." *C.W.,* 211 S.W.3d at 98.

The last sentence of § 211.455.3 mandates that: "All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court *at least fifteen days prior to any dispositional hearing.*" (Emphasis added). By failing to order the investigation and social study until after the trial began, the trial court foreclosed the possibility of strictly and literally complying with the statutory requirement that the investigation and social study be made available to Father at least fifteen days before *any* dispositional hearing. Therefore, the trial court's conclusion that the availability of the investigation and social study more than fifteen days prior to the *last day* of the trial is a misapplication of the law, and as such is reversible error. Father's third contention of his fourth point is granted.

### 4) *Trial Court's Order Designating the Division to Conduct § 211.455.3 Investigation and Social Study*

In point five of his brief, Father also challenges the trial court's order designating the Division to conduct the investigation and social study as mandated by § 211.455.3. Father asserts that such designation of the Division, the party who initiated and filed the petition for termination with a stated bias in favor of termination, denied Father due process of law. We do not address this due process argument at this time, as it may not arise in the context of the evidence presented during the new trial which is required by the reversal and remand necessitated by our decision on Father's point four. However, upon remand and review of the actual report filed by the Division, the trial court may desire to revisit this designation and, if so, we would offer the following observations.

■ The legislature in § 211.455.3 grants the trial court discretion to designate one of four persons or entities to conduct the required investigation and social summary. These are: (1) the juvenile officer; (2) the state division of family services;[3] (3) a public or private agency authorized or licensed to care for children; or (4) any other competent person. The exercise of this discretion will not be disturbed on appeal unless the trial court's designation amounts to an abuse of that discretion. *See, e.g., In the Interest of D.L.W.*, 133 S.W.3d 582, 583 (Mo.App. 2004). "Judicial discretion is abused when a court's ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.*, quoting *In the Interest of A.S.*, 38 S.W.3d 478, 486 (Mo.App.2001).

■ As previously discussed, the § 211.455.3 investigation and social summary serves as an aid to the trial court in making its best-interest determination. *A.H.*, 169 S.W.3d at 156; § 211.455.3. The statute specifies that the investigation and social summary shall be reduced to a written report made to the court which "shall include such matters as the parental background, the fitness and capacity of the parent to discharge parental responsibilities, the child's home, present adjustment, physical, emotional and mental condition and such other facts as are pertinent to the determination." § 211.455.3. Of necessity, this report will consist almost entirely of hearsay and, in some instances, double and triple hearsay. With this latitude not afforded by the rules of evidence comes the capacity to unintentionally or intentionally manipulate the information presented to the trial court and, thereby, the ability to improperly influence the court's best-interest determination. For this reason, in order for the report to truly serve as an aid to the court, it is essential that the investigation, social summary, and court report be conducted by an objective person or entity and prepared in an objective manner.[4]

In this case, we observe several facts which either independently or in conjunction with each other raise serious questions for the trial court's consideration upon remand as to the objectivity of the Division in conducting the court-ordered investigation and social summary and in making its report to the court. First, the Division is the petitioner who filed the petition for termination on October 13, 2003 and who is prosecuting the termination proceeding. Second, on the filing date, the petition alleged, and as such the Division committed to the proposition that the termination of Father's parental rights was in the best interest of the Child. Third, the petition for termination was signed on behalf of the Division by caseworker Beverly McLaughlin. Fourth, the ordered court report of its investigation and social summary prepared by the Division was also signed on behalf of the Division by caseworker McLaughlin. Fifth, the Division's report contains forty-five single-spaced, typewritten pages of information taken almost exclusively from the Division's records. There is no indication

---

3. By Executive Orders 03–02 and 03–03 dated February 5, 2003 the Division of Family Services was divided into the Children's Division and the Family Support Division under the Department of Social Services. *State ex rel. Dept. of Soc. Services, Family Support Div. v. K.L.D.*, 118 S.W.3d 283, 295 (Mo.App.2003).

4. During oral argument, counsel for the Division described the report as follows: "It is a social study. It is to put on the table everything that has been done—positive and negative—by the parents in this case." This statement was immediately followed by the question by the court: "It should be objective?" The Division replied: "Yes."

in the report that the Division contacted Father or anyone on Father's behalf in order to obtain and objectively set forth in the report to the court Father's factual information and position on the best interests of the Child. Sixth, the last page of the report concludes with the statement: "For the forgoing reasons the Missouri Department of Social Services, Children's Division requests that this Court terminate the parental rights of . . . [Father]."[5]

### 5) *Attorney Fees on Appeal*

■ Father's court-appointed counsel has filed a Motion for Attorney Fees on Appeal. The motion is sustained. *See A.D.G.*, 23 S.W.3d at 720. We have the expertise and authority to fix the amount of attorney fees on appeal. *Rosehill Gardens, Inc. v. Luttrell*, 67 S.W.3d 641, 648 (Mo.App.2002). However, because the trial court is in a much better position to hear evidence and argument on this issue and make a determination of the reasonableness of the requested fee, we prefer, in this case, to defer our authority to the trial court. Id. Therefore, upon remand, the trial court is directed to conduct a hearing to determine the reasonableness of the attorney fees requested on appeal by Father's counsel and enter judgment accordingly.

### 6) *Decision*

The judgment of the trial court terminating Father's parental rights is reversed. The cause is remanded to the trial court with directions to hold a new trial on the petition in accordance with this opinion, to conduct a hearing to determine the reasonableness of the attorney fees

requested on appeal by Father's counsel, and to enter judgment accordingly.

BATES, P.J./C.J., and BARNEY, J., concur.

---

5. During oral argument, the Court posed the following question to counsel for the Division: "Does the author of a social study make any recommendations to the juvenile court as to termination or any other recommendations—what action he should take or she should take?" Counsel replied: "No. There are no recommendations."