232 S.W.3d 727 (2007)
In the Interest of E.C. and A.C.
No. ED 89235.
Missouri Court of Appeals, Eastern District, Division Four.
September 18, 2007.
*728 Robert W. Bilbrey, Hillsboro, MO, for appellant.
Jack L. Duncan, Park Hills, MO, for juvenile.
Claudine Chastain, Farmington, MO, for respondent.
GEORGE W. DRAPER III, Judge.
S.K. (hereinafter, "Mother") appeals from the trial court's judgment terminating her parental rights to her minor daughters, E.C. and A.C. (hereinafter and collectively, "Children"). Mother raises three points on appeal, arguing the trial court erred in terminating her parental rights because the mandates of Section 211.455 RSMo (2000)[1] were not followed strictly, there was no clear, cogent, and convincing evidence that her parental rights should be terminated, and termination was not in the best interest of Children. We reverse and remand.
Children were taken into protective custody on September 26, 2003, after a petition was filed, claiming their stepfather was sexually abusing E.C. Over the next several years, Children and Mother participated in various services offered by the Children's Division, including counseling, some visitation, psychiatric hospitalization, parenting classes, and a domestic violence assessment.
On July 11, 2005, a termination of parental rights investigation and social study was filed with the trial court. The petition seeking to terminate Mother's parental rights was filed on August 17, 2005. After a trial, the trial court determined by clear, cogent, and convincing evidence that Mother's parental rights should be terminated and it was in the best interest of Children to do so. Mother appeals.
In termination of parental rights cases, this Court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is contrary to the evidence, or it erroneously declares or applies the law. In the Interest of A.S.W., 137 S.W.3d 448, 452 (Mo. banc 2004). We review any conflicting evidence in the light most favorable to the judgment and will defer to the trial court's determinations of credibility. Id. at 452-53.
Mother's first two points on appeal, addressing the procedural mandates of Section 211.455 in a termination of parental rights hearing, are dispositive. Accordingly, we decline to address her third point on appeal.
Section 211.455 is titled, "Procedure after filing of petition. . . ." Section 211.455.1 states that "[w]ithin thirty days *729 after the filing of the petition, the juvenile officer shall meet with the court in order to determine that all parties have been served with summons and to request that the court order the investigation and social study." The requirements of Section 211.455 are mandatory. In the Interest of C.W., 211 S.W.3d 93, 98 (Mo. banc 2007); In the Interest of K.L.W., S.F.W., and L.S.W., 214 S.W.3d 401, 403 (Mo.App. E.D. 2007); In the Interest of C.G., 212 S.W.3d 218, 223 (Mo.App. S.D.2007). The investigation and social study report is designed to assist the trial court in its determination of whether terminating parental rights is in the best interest of the children involved. In re, A.H., 169 S.W.3d 152, 156 (Mo.App. S.D.2005); see also Section 211.455.3. The investigation and social study must be ordered after the petition is filed. C.W., 211 S.W.3d at 97-98 (emphasis added).
In this case, the record clearly reflects the investigation and social study report was filed more than one month prior to the petition for termination of Mother's parental rights. There was no evidence that the juvenile officer met with the trial court to request an investigation and social study within thirty days after the petition was filed. Accordingly, the trial court failed to comply strictly with the statutory requirements. "Failure to strictly comply with [S]ection 211.455 is reversible error." Id. at 98.
The trial court's judgment terminating Mother's parental rights is reversed. The cause is remanded to the trial court with directions to hold a new trial on the petition in accordance with this opinion.
MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.
NOTES
[1] All further statutory references are to RSMo (2000) unless otherwise indicated.