**In the Interest of Z.M., Juvenile.**

**No. ED 98746.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 2013.

Karen Dill Siegel, St. Louis, MO, for appellant.

Chris Koster, Gary L. Gardner, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

Appellant, L.N.W. ("Father"), appeals from the trial court's judgment terminating his parental rights to his child, Z.M. Father alleges the trial court erred in terminating his parental rights to Z.M. because the trial court did not comply with Section 211.455,[1] which requires that all ordered evaluations and reports be made available to the parties at least 15 days prior to any dispositional hearing. We reverse and remand.

**I. BACKGROUND**

The child, Z.M., came into the custody of the Missouri Department of Social Services, Children's Division ("Children's Division") on April 6, 2008, after Z.M.'s natural mother left her at a crisis nursery center. Shortly thereafter, Father became aware

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

that his daughter was in the custody of the Children's Division and began undertaking certain measures, in cooperation with the Children's Division, to achieve reunification.

However, after almost three years, the reunification process proved to be unsuccessful, causing the Children's Division to file a petition to terminate Father's parental rights ("Petition") on July 26, 2011. Between the filing of the Petition and the trial court's hearing on the Petition on May 10, 2012, the trial court ordered, in accordance with Section 211.455, a Termination of Parental Rights Investigation and Social Study ("Social Study") be completed and submitted.

On the date of the hearing on the Petition, the Children's Division requested that the trial court admit into evidence the Social Study. Father's attorney objected to the admission of the Social Study on the grounds that Father did not receive the Social Study at least 15 days prior to the date of the hearing as mandated by Section 211.455.3. In fact, this was Father's first opportunity to view the Social Study despite Father's demands via request for production of documents. Nevertheless, the trial court overruled Father's objection and admitted the Social Study into evidence.

Subsequently, the trial court entered its Findings, Order, Judgment and Degree of Termination, terminating Father's parental rights. This appeal follows.

## II. DISCUSSION

Father raises five points on appeal; however, because our analysis of his first point is dispositive, we need not address the remaining points.[2] *See e.g., In re K.L.W.,* 214 S.W.3d 401, 403 (Mo.App. E.D.2007).

In his first point on appeal, Father claims that the trial court erred in terminating his parental rights because the trial court failed to strictly comply with Section 211.455.3. Father contends that the trial court, in terminating his parental rights, admitted into evidence and relied upon the Social Study, although the Social Study was not made available to Father at least 15 days prior to the dispositional hearing. The State concedes that this appeal should be remanded for compliance with Section 211.455 and a new trial.

Section 211.455 sets forth certain, specific requirements[3] that must be afforded to an individual facing termination of his or her parental rights. *See* Section 211.455. The last sentence of Section 211.455.3 mandates: "All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court *at least fifteen days prior to any dispositional hearing.*" *See* Section 211.455.3 (emphasis added); *see also In Interest of S.J.,* 849 S.W.2d 608, 612 (Mo. App. W.D.1993) ("Section 211.455.3 requires that the reports be made available to the parties and attorneys or guardians ad litem at least fifteen days prior to any dispositional hearing."). "Failure to strict-

2. Father's second, third, fourth, and fifth points challenge the trial court's individual grounds for terminating Father's parental rights, in that the grounds for termination were not supported by clear, cogent, and convincing evidence.

3. "For example, section 211.455 sets forth requirements including: a timeline for a ser-

vice and compliance conference, requirements for the court ordered investigation and social study and its minimum content, and requires that all ordered evaluations and reports be made available to the parties at least 15 days prior to any dispositional hearing." *In re S.R.F.,* 362 S.W.3d 420, n. 14 (Mo.App. S.D.2012).

ly comply with section 211.455 is reversible error" as the requirements of Section 211.455 are mandatory. *In re C.W.*, 211 S.W.3d 93, 98 (Mo. banc 2007) (abrogated on other grounds).

Here, the Social Study was not made available to Father at least 15 days prior to the hearing, yet the trial court admitted the Social Study into evidence. The trial court did this even after the State acknowledged that the Social Study was not provided to Father. The trial court's ruling was in error as it clearly was not in compliance with Section 211.455. The trial court's admission of the Social Study into evidence without strict compliance with Section 211.455 constitutes prejudicial error.

### III. CONCLUSION

The termination of Father's parental rights is reversed because of the trial court's failure to comply with Section 211.455. The case is remanded for compliance with Section 211.455 and then for a new trial on the Petition.

ROBERT G. DOWD, Jr., P.J., and ANGELA T. QUIGLESS, J., concur.