

# Missouri Court of Appeals

## Southern District

### In Division

IN THE INTEREST OF: )
A.R.S., J.D.S., J.E.S., L.K.S., and T.E.S., )
)
MISSOURI DEPARTMENT OF SOCIAL )
SERVICES, CHILDREN'S DIVISION, ) No. SD38292, SD38293, SD38294,
) SD38295, and SD38296
        Respondent, ) Consolidated
)
  vs. ) FILED: May 22, 2024
)
G.D.S., )
)
        Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF OZARK COUNTY

Honorable Jessica Kruse, Judge

## **AFFIRMED**

In consolidated appeals from five cases, all of which were tried together, G.D.S. ("Mother") appeals the single judgment terminating her parental rights over her minor children, A.R.S., J.D.S., J.E.S., L.K.S., and T.E.S. (collectively, "Children").[1] Mother does not challenge the grounds for termination found by the circuit court or its best interest findings, obviating the need to recite the evidence supporting those findings. Rather, in a single point on appeal, Mother contends that the circuit court erred in terminating her parental rights because it failed to strictly

---

[1] The parental rights of J.D.S. ("Father") over the Children, also terminated by the judgment, are not at issue in this appeal.

and literally comply with the requirements of section 211.455.3.[2]  Finding no such error, we affirm.

"We presume that the judgment of the circuit court is correct, and we must affirm it unless the appellant demonstrates that the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law."  ***Int. of S.C.A.***, 648 S.W.3d 911, 912 (Mo.App. 2022) (internal citation omitted).  "The circuit court must strictly and literally comply with the statutes governing the termination of parental rights."  ***Id.*** at 913. "Failure to strictly comply with section 211.455 is reversible error."  ***In re C.W.***, 211 S.W.3d 93, 98 (Mo. banc 2007), *overruled on other grounds by* ***In re B.H.***, 348 S.W.3d 770, 776-77 (Mo. banc 2011).

"Section 211.455 sets forth certain, specific requirements that must be afforded to an individual facing termination of his or her parental rights."  ***In re Z.M.***, 393 S.W.3d 127, 128 (Mo.App. 2013) (footnote omitted).  Subsection 3, which is at issue here, provides the following requirements:

> The court shall order an investigation and social study except in cases filed under section 211.444.  The investigation and social study shall be made by the juvenile officer, the state children's division or a public or private agency authorized or licensed to care for children or any other competent person, as directed by the court, and a written report shall be made to the court to aid the court in determining whether the termination is in the best interests of the child.  It shall include such matters as the parental background, the fitness and capacity of the parent to discharge parental responsibilities, the child's home, present adjustment, physical, emotional and mental condition, and such other facts as are pertinent to the determination.  Parties and attorneys or guardians ad litem or volunteer advocates representing them before the court shall have access to the written report.  All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court at least fifteen days prior to any dispositional hearing.

Section 211.455.3.

---

[2] All statutory references are to RSMo 2016.

Here, following the filing of the termination petitions, the circuit court issued two sets of orders addressing the requirements of section 211.455.3. The first orders, issued on December 23, 2021, which were authored and proposed by the state children's division ("Petitioner"), addressed each of the five termination cases separately, and appointed, in each case, "the Ozark County Children's Division" to complete the required investigation and social study. These five separate orders were followed by a single order addressing all five termination cases together, issued on January 10, 2022, that appointed "the Department of Social Services, Children's Division" to complete said investigation and social study. Thereafter, in response to a motion filed by Mother to change the judicial officer, a new judge was assigned to oversee the termination cases.

Within applicable statutory time limits, a written report ("the report"), detailing the investigation and social study of Mother, Father, and all five Children, was distributed to the parties and filed with the circuit court. The signatory and purported author of the report was Kendra Ritchie ("Ritchie"); however, no specific details were provided indicating Ritchie's professional affiliation.

Subsequently, at trial, Petitioner asked the circuit court to take judicial notice of the underlying termination court files. Mother's attorney objected to the admission of the report specifically, stating that "the author of that document is someone whose name I have never heard of before," and "I would object on the basis of the foundation for that being admitted as the court summary that was specifically ordered to be prepared by Children's Division by this Court." The circuit court deferred ruling on Mother's objection until such time as an adequate foundation could be made but otherwise took judicial notice of the portions of the court files to which there was no objection. Thereafter, during the cross-examination of the Children's case manager,

3

Mother's attorney inquired regarding Ritchie's professional affiliation. The case manager testified that Ritchie "is a supervisor in the Children's Division office" and "works out of the Wright County office." The case manager explained that Ritchie was chosen to write the report because she was a "neutral party" that did not have any ongoing involvement with the Children's cases.

While the trial was ongoing, Mother filed a motion to strike the report arguing that Ritchie works for the "Wright County Children's Division" and, therefore, her involvement in the report violated the orders issued by the previous judge on December 23, 2021, appointing the "Ozark County Children's Division" with that task. There was no mention of the January 10, 2022, order in the motion to strike or during the ensuing arguments before the circuit court. Following argument, the circuit court requested that Ritchie testify prior to its ruling on the motion. Ritchie did so, confirming her employment with "Missouri Department of Social Services[,] Children's Division" and specifying that she works in the "44th Circuit, which covers Wright, Douglas, and Ozark County." Ritchie explained that she manages cases in each of those counties. Following this and other testimony by Ritchie, the circuit court ultimately denied Mother's motion to strike, stating, "I believe [Ritchie's] employment with the 44th Circuit satisfies the direction that was provided in that order."

On appeal, Mother contends that the circuit court failed to strictly and literally comply with the requirements of section 211.455.3. Mother notes that "[t]he investigation and social study shall be made by the juvenile officer, the state children's division or a public or private agency authorized or licensed to care for children or any other competent person, *as directed by the court*," section 211.455.3 (emphasis added), but the circuit court received and relied upon an investigation and social summary that was not prepared by the "Ozark County Children's

4

Division" as was previously ordered on December 23, 2021.[3] Even if we accept Mother's implicit presumption as true—that Ritchie, despite being a state children's division employee and employed within the 44th Circuit, cannot act on behalf of the Ozark County Children's Division because her office is located in Wright County—her argument is refuted by the order issued on January 10, 2022. By way of its later order, the circuit court appointed, without any qualification as to any specific office location, "the Department of Social Services, Children's Division" to complete the investigation and social study. Ritchie, who ultimately prepared the report, testified that she works for the "Missouri Department of Social Services[,] Children's Division." Mother presents no challenge to the order issued on January 10, 2022, or argument that Ritchie's preparation of the report was not responsive therewith. In sum, Mother has failed to demonstrate any lack of strict and literal compliance with the requirements of section 211.455.3.

Mother's point is denied, and the judgments of the circuit court are affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

[3] Mother notes that a failure to strictly and literally comply with section 211.455 is reversible error regardless of whether any prejudice occurred. Mother, nevertheless, appears to suggest in her brief that she was prejudiced by the selection of Ritchie to prepare the report due to Ritchie's unfamiliarity with the Children and their parents beyond her review of case records. But, as this Court has previously observed, "it is essential that the investigation, social summary, and court report be conducted by an objective person or entity and prepared in an objective manner." *In re C.G.*, 212 S.W.3d 218, 224 (Mo.App. 2007). Here, it was Ritchie's unfamiliarity—her status as a "neutral party"—that was the reason for her selection in the first instance.