Patricia S. BARAZI, Appellant,

v.

Michael J. ECKOLDT, Respondent.

No. ED 85510.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 20, 2005.

Cheryl A. Rafert, St. Louis, MO, for appellant.

Scott D. Reynolds, Cape Girardeau, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Patricia Barazi n/k/a Patricia Voss appeals the judgment of the Circuit Court of Cape Girardeau County dismissing her Petition for an Order of Protection, pursuant to the Missouri Adult Abuse Act, without holding an evidentiary hearing. We reverse and remand.

### Statement of the Facts and Proceedings Below

On May 4, 2004, Ms. Voss filed an Adult Abuse/Stalking Petition for Order of Protection seeking to restrain her former boyfriend, Michael Eckoldt, from abusing her, threatening to abuse her, molesting her, disturbing her peace, stalking her, entering her dwelling, communicating with her, or moving to Cape Girardeau County. In her Petition, Ms. Voss alleged that Mr. Eckoldt had knowingly and intentionally coerced, stalked, harassed, sexually assaulted, unlawfully imprisoned and followed her from place to place. She also alleged that he caused or attempted to cause her physical harm, placed or attempted to place her in apprehension of immediate physical harm, and threatened to commit these acts.

Ms. Voss further stated in her Petition that "[Mr. Eckoldt] is currently serving jail time for attacking [her in Alaska] and has sent [her] letters via his mother (Lori Herlocker)—see attachments (12/12/02)[.] Attacked [her] with a deadly weapon and almost killed [her]—see pictures." Ms. Voss indicated that there was "an immediate and present danger of abuse or stalking of [her] because ... [h]e continues to stalk [her] through the use of his mother. He fully intends to request an interstate transfer as per Dennis Swiderski (his parole officer)." In support of her Petition, Ms. Voss submitted, among other things, photographs of her body following the assaults and letters she received from the Mr. Eckoldt.

On May 5, 2004, the trial court granted an Ex Parte Order of Protection restraining Mr. Eckoldt from abusing, threatening to abuse, stalk, molest, or disturb the peace of [Ms. Voss]; entering or staying upon the premises where [Ms. Voss] resides; communicating with [Ms. Voss] in any manner or through any medium; and moving his residence to Cape Girardeau County. The following day, the trial court set a hearing date for May 27, 2004.

On the date of the scheduled hearing, the trial court granted Mr. Eckoldt's request for a continuance. On the newly scheduled date, the trial court granted Mr. Eckoldt's attorney's request to continue the case once again. Days before the scheduled hearing, Mr. Eckoldt filed a Motion to Dismiss and a Notice of Hearing on the Motion to Dismiss. On the date of the scheduled hearing, the trial court, in chambers, overruled Mr. Eckoldt's Motion to Dismiss, set another hearing date and or-

dered counsel to confer with the judge a few weeks prior to the hearing date.

The trial court held a pre-hearing conference prior to the hearing date. On that day, Mr. Eckoldt renewed his dismissal motion. While on the record, the trial court denied Mr. Eckoldt's Motion to Dismiss. At that same conference, the trial court asked Ms. Voss why she had not registered the protective order she had obtained while she lived in Alaska ("Alaska Order"). Ms. Voss, through counsel, responded that the Alaska Order no longer offered protection in that the provision that Mr. Eckoldt have no contact with her had expired. Instead of responding to Ms. Voss's concern, the trial court stated:

> [U]pon [the protective order from Alaska] being filed, [the trial court will] find that the matters complained of or alleged in your petition are dealt with by the Alaska order. And when, and if, Mr. Eckoldt does make some contact with [Ms. Voss] that is more than in a letter that is a direct contact, not through other persons, then I would suggest she then file a petition for an order of protection here.

Ms. Voss, through counsel, attempted to explain that Mr. Eckoldt had engaged in additional harassment. Again, the trial court simply responded that Ms. Voss would have "ten days to have this [Alaska order] registered within the State of Missouri; and after ten days, then this matter will be dismissed." The trial court further stated that Ms. Voss could "pursue this matter further if, and when, [Mr. Eckoldt] does make personal contact.... But letters are not sufficient enough to raise— ..." Ms. Voss, through counsel, responded that she had evidence in addition to the letters sent to her by Mr. Eckoldt. At this point, the trial court declared, "Well, that's where we are today. And that's the end of it, so far as we're concerned, on this peti-

tion." The trial court stated that the case "will be dismissed in ten days."

Ms. Voss's attorney inquired about the hearing set for a few weeks later. The trial court replied, "That's dismissed. Nothing more needs to be done." Through counsel, Ms. Voss objected on the ground that the proceedings were not adequate to protect her rights and that by depriving her of an evidentiary hearing, the trial court was denying her due process and equal protection of the law. The trial court stated that if Ms. Voss filed the Alaska Order, the Missouri case would be dismissed.

Ms. Voss did not register the Alaska Order and as indicated the trial court dismissed Ms. Voss's petition. To that end, the trial court completed a pre-printed form memorandum and with an "x" marked the following: (1) petition appears in person and by counsel, Cheryl A. Rafert; (2) Respondent appears not but by counsel Scott Reynolds; (3) on hearing date, on the evidence adduced, the Court finds that Petitioner has failed to prove the allegation(s) of abuse or stalking by a preponderance of the evidence and orders the cause dismissed without prejudice; (4) Judgment/full order of protection denied; and (5) cause dismissed without prejudice for failure to prosecute.

In the month that followed, Ms. Voss filed a Motion to Vacate and Set Aside the trial court's order dismissing her Petition. The trial court denied Ms. Voss's Motion to Vacate. Ms. Voss appealed.

In light of the fact that the trial court dismissed the underlying case without prejudice for "failure to prosecute," we issued an Order to Show Cause why this case should not be dismissed for lack of a final, appealable judgment. Ms. Voss filed an Answer to our Show Cause Order and we directed the parties to address the

underlying jurisdictional issue in their appellate briefs.[1]

### Standard of Review

■ Our review of the trial court's decision in this Adult Abuse Act case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless no substantial evidence supports the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Capps v. Capps,* 715 S.W.2d 547, 549 (Mo. App. E.D.1986).

### Discussion

■ Before reaching the issue raised in Ms. Voss's appeal, we address the underlying jurisdictional question. Here, the trial court dismissed Ms. Voss's petition without prejudice, citing two grounds: (1) "on the evidence adduced, Petitioner has failed to prove allegations of abuse and stalking ...." and (2) "failure to prosecute." A trial court's dismissal of a case without prejudice is generally not an appealable judgment. *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). This is so because, when a case is dismissed without prejudice, a plaintiff can typically cure the defects by filing another suit in the same trial court. Mo.R.Civ.P. 67.01. However, where re-filing of the petition would be futile, the order of dismissal is appealable. *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App. E.D.1985). Likewise, if the dismissal without prejudice has the prac-

tical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum, appeal can be taken. *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991); *Doe v. Visionaire Corp.,* 13 S.W.3d 674, 676 (Mo.App. E.D.2000).

■ Applying these principles to the facts of this case, we conclude that we have jurisdiction. This is clearly a case in which the dismissal, as well as the facts surrounding it, reflects that the trial court will not allow petitioner's action to continue and re-filing would be a futile act. *See Doe,* 13 S.W.3d at 676. Despite Ms. Voss's timely and appropriate prosecution of her case, the trial court simply refused to hear the case. The trial court stated its intention that upon Ms. Voss's registering of the Alaska Order, the court would dismiss the Missouri case. Believing she was not adequately protected by the Alaska Order, Ms. Voss chose not to register the Alaska Order. Even though Ms. Voss declined to register the Alaska Order, the trial court dismissed the case. In essence, the trial court placed Ms. Voss in a classic Catch–22. If she registered the Alaska Order, the trial court intended to dismiss the case.[2] If she refused to register the Alaska Order, the trial court intended to dismiss the case. It is hard to imagine a set of circumstances more deserving of an extension of the exception to the general rule against appeal of dismissals without prejudice.

---

1. Notably, neither Mr. Eckoldt nor his attorney filed a responsive brief or appeared at oral argument.

2. The fact that the trial judge expressed his intent to dismiss Ms. Voss's Missouri case upon the filing of the Alaskan Order implies a misconception that a protective order from another state operates to preclude procurement of a protective order from the State of

Missouri. While it is true that a person protected by an order of protection from another state may register that order in Missouri, the Adult Abuse Act does not contain any provisions that would prevent the entry of an order of protection in this state simply because an order of protection has already been entered in another state.

█ In her sole point on appeal, Ms. Voss contends that the trial court erred when it dismissed and denied her Petition without first affording her an evidentiary hearing. In support of her position, Ms. Voss asserts that the trial court's actions violated the mandatory hearing requirement contained in Section 455.040 RSMo 2000 of Missouri's Adult Abuse Act. Ms. Voss also contends that she did not fail to prosecute her case. We agree.

█ It is well-established that a trial court commits reversible error when it fails to hold an evidentiary hearing in an order of protection case involving a contested issue. *Brown v. Yettaw*, 116 S.W.3d 733, 735 (Mo.App. S.D.2003); *see also Ehrhart v. Ehrhart*, 776 S.W.2d 450 (Mo.App. E.D.1989) (case reversed and remanded for an evidentiary hearing where no adversarial hearing of any kind occurred in a contested case involving an Order of Protection). Indeed, Section 455.040 of Missouri's Adult Abuse Act provides, in pertinent part:

> Not later than fifteen days after the filing of a petition pursuant to sections 455.010 to 455.085 a *hearing shall be held* unless the trial court deems, for good cause shown, that a continuance should be granted. At the hearing, if the petition has proved the allegation of abuse or stalking by a preponderance of the evidence, the trial court shall issue a full order of protection of a period of time the trial court deems appropriate[.]

(emphasis added).

Here, although the trial court issued a written memorandum stating that: "[o]n hearing date, on the evidence adduced, the Trial court finds that Petitioner has failed to prove the allegation(s) of abuse or stalking by a preponderance of the evidence and orders the cause dismissed without prejudice[,]" there is no dispute that the trial court did not conduct an evidentiary hearing. Having failed to conduct a hearing, the trial court violated the mandate of Section 455.040.

█ Ms. Voss also argues that contrary to the trial court's determination, she did not fail to prosecute her case. Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. *Kralik v. Mortgage Syndicate Inc.*, 673 S.W.2d 448, 449 (Mo. App. E.D.1984). Thus, "[a] dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place for trial and is ready and willing to present evidence." *Belleville v. Director of Revenue*, 825 S.W.2d 623, 625 (Mo. banc 1992). Here, there is no question that Ms. Voss timely filed all required pleadings and appeared ready and willing to present her evidence. Accordingly, the trial court abused its discretion in dismissing Ms. Voss's petition for failure to prosecute. Point granted.

### Conclusion

The judgment of the trial court is reversed and remanded for an evidentiary hearing.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., Concur.