

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STEPHANIE KIM SMITH | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD77449 |
| | ) | |
| KOLE RYAN MCADAMS | ) | Opinion filed:  February 17, 2015 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF RAY COUNTY, MISSOURI**
**The Honorable James Carey Thompson, Judge**

Before Division Two:  Anthony Rex Gabbert, Presiding, Judge,
Joseph M. Ellis, Judge and Karen King Mitchell, Judge

Appellant Stephanie Kim Smith appeals from a judgment entered by the Circuit

Court of Ray County denying her petition for an adult order of protection against

Respondent Kole Ryan McAdams.[1]  Appellant contends that the circuit court erred in

determining that Respondent was not a "household member" within the meaning of §

---

[1] We note that the circuit court's judgment as well as the notice of appeal refer to Respondent as "Kole Ryan Adams."  However, the petition identifies Respondent as Kole R. McAdams and Respondent identified himself at the evidentiary hearing as Kole McAdams.  Therefore, this Court's file is corrected to properly list the Respondent's name as Kole Ryan McAdams.

455.010(7).[2]  For the following reasons, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

On October 8, 2013, Appellant filed her Adult Abuse/Stalking Petition for Order of Protection against Respondent.  Respondent is Appellant's daughter's ex-boyfriend and the father of Appellant's grandson.  In her petition, Appellant alleged the following incident occurred: Appellant was driving on a county highway when Respondent began following her in his vehicle.  Eventually, Respondent aggressively drove past Appellant and cut her off, which caused Appellant to veer off the road.  When Appellant turned into a residential driveway, Respondent blocked her in with his vehicle and demanded that she speak with him.  When Appellant informed Respondent that she had called the police, Respondent drove away from the residence.  Appellant further alleged that Respondent's actions evidenced that he knowingly and intelligently stalked, harassed, and followed her from place to place, attempted to cause her physical harm, and placed her in apprehension of immediate physical harm.

On November 20, 2013, the circuit court conducted an evidentiary hearing on Appellant's petition.  Appellant testified that Respondent had resided in her home for approximately two years.[3]  Two other witnesses also testified that Respondent had lived with Appellant in Appellant's home.  Additionally, Appellant introduced evidence that Respondent had listed Appellant's address as his residence on records pertaining to Respondent's purchase of a vehicle.  However, on cross-examination, Appellant's daughter testified that Respondent last lived with Appellant approximately six years ago.

---

[2] Unless otherwise noted, all statutory citations are to RSMo 2000 as updated through the 2013 Cumulative Supplement.
[3] Appellant did not allege in her petition that she had previously resided with Respondent.  However, it is evident from the transcript that the issue was raised and tried without objection at the hearing.

At the hearing's conclusion, the circuit court denied Appellant's request for a full order of protection and, at the request of Appellant, memorialized its findings in a written judgment. In the judgment, the circuit court found that "Respondent engaged in unwanted conduct which caused alarm to [Appellant]" and that Appellant "felt fear of danger of physical harm, and that such alarm was reasonable based upon the conduct of the Respondent." The circuit court further concluded that there was "undisputed evidence" that Appellant and Respondent "resided at the same residential address for two years." Nevertheless, the circuit court concluded that Appellant and Respondent were not "family" or "household members" a defined in § 455.010(7). In doing so, the circuit court found that "the nature of [Appellant and Respondent's] relationship, in addition to the passage of time between their cohabitation and this cause of action, render their relationship insufficient to meet the definition of 'household members' who 'have resided together in the past.'" Thus, the circuit court denied Appellant's petition for an order of protection.[4]

Appellant now appeals from the circuit court's denial of her petition for an order of protection. Our review of a trial court's decision in an Adult Abuse Act case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). ***Barazi v. Eckoldt***, 180 S.W.3d 507, 510 (Mo. App. E.D. 2005). "We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." ***McAlister v. Strohmeyer***, 395 S.W.3d 546, 549-50 (Mo. App. W.D. 2013) (internal quotation omitted). "We defer to the trial court's

---

[4] In denying the order of protection, the circuit court also concluded that Respondent's actions did not amount to stalking under the Adult Abuse Act. Appellant does not challenge the circuit court's findings as to the stalking allegations. Accordingly, we do not address the circuit court's ruling with respect to stalking.

3

determinations of credibility and consider facts and inferences supporting the judgment."
***D.A.T. v. M.A.T.***, 413 S.W.3d 665, 667 (Mo. App. E.D. 2013).

In her sole point, Appellant contends that the circuit court erred as a matter of law in denying her petition in that the circuit court misinterpreted sections 455.010(7) and 455.020 in determining that Respondent was not a "household member" for purposes of an order of protection.[5] "The primary rule of statutory interpretation is to give effect to the legislative intent as reflected in the plain language of the statute." ***Unverferth v. City of Florissant***, 419 S.W.3d 76, 97 (Mo. App. E.D. 2013). We must enforce "statutes as they are written, not as they might have been written." ***State ex rel. Dienoff v. Galkowski***, 426 S.W.3d 633, 641 (Mo. App. E.D. 2014) (internal quotation omitted). "[P]rovisions not plainly written in the law, or necessarily implied from what is written, should not be added by a court under the guise of construction to accomplish an end the court deems beneficial." ***Id.*** (internal quotation omitted).

The circuit court determined that, although Appellant and Respondent resided at the same residential address for two years, Appellant and Respondent were not "household members" for purposes of § 455.010(7) due to "the nature of their relationship" and the "passage of time" since they had cohabitated together. Such considerations, however, are not found within the plain language of the statute.

Section 455.020.1 provides: "Any person who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking, may seek [an order of protection] by filing a verified petition alleging such domestic violence or stalking by the respondent." Thus, § 455.020 "provides relief for: (1) any person who has been subject to domestic violence by a present or former

---

[5] Respondent did not file a brief or otherwise enter his appearance on appeal.

family or household member, or (2) any person who has been the victim of stalking."

*Fowler v. Minehart*, 412 S.W.3d 917, 921 (Mo. App. S.D. 2013).

Here, Appellant contends that she is entitled to relief under § 455.020 because she was subjected to domestic abuse by Respondent, a former household member. Section 455.010(7) defines "family" or "household member" to include:

> spouses, former spouses, any person related by blood or marriage, ***persons who are presently residing together or have resided together in the past***, any person who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and anyone who has a child in common regardless of whether they have been married or have resided together at any time[.]

(Emphasis added). Thus, under the statute's plain language, a household member includes persons with whom the petitioner is presently residing or has resided in the past. Therefore, despite the circuit court's focus on the nature of Appellant and Respondent's relationship and the passage of time since their cohabitation, Appellant needed to establish only that she had resided with Respondent in the past in order to prove Respondent was a former household member.

To that end, the circuit court expressly found that Appellant and Respondent had "resided at the same residential address for two years." This Court's interpretation of the term "reside" and the record before us on appeal support the circuit court's finding that the parties had resided together in the past.

While the statute provides no definition as to the term "reside", this Court has interpreted the term, in the context of § 455.010, to mean:

> To settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, to have one's residence or domicile; specifically, to be in residence, to have an abiding place, to be present as an element, to inhere as a quality, to be vested as a right.

5

*State v. Cloyd*, 238 S.W.3d 183, 186 (Mo. App. W.D. 2007) (quoting *Black's Law Dictionary* 1308 (6th ed. 1990)). In doing so, we explained that "[b]y any reasonable and ordinary definition, the term 'reside' includes both physical presence and intent to remain at that place for a significant period of time." *Id.* at 187.

Appellant testified that Respondent resided in her home for approximately two years. Testimony from two other witnesses at the hearing further indicated that Respondent had lived or resided with Appellant in her home. Appellant also introduced into evidence records from Respondent's purchase of a vehicle in which he listed Appellant's address as his residency. Thus, there was sufficient evidence in the record from which the circuit court could conclude that Respondent was physically present in Appellant's home and remained there for a significant period of time.

Therefore, by establishing that she and Respondent resided together in the past, Appellant proved that Respondent is a former household member within the context of the Adult Abuse Act. Thus, it follows that the circuit court erred in denying Appellant's petition for an order of protection on grounds that Appellant and Respondent's relationship was insufficient to meet the definition of household members set forth in § 455.010(7). Accordingly, we reverse the circuit court's judgment, and remand the case for further proceedings consistent with this opinion.

_____
Joseph M. Ellis, Judge

All concur.

6