

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

GARY MICHAEL CLARK, )
)
Appellant, )
)
v. ) WD78060
)
MISSOURI LOTTERY COMMISSION ) Opinion filed: June 23, 2015
AND COMMUNITY BANK OF )
EL DORADO SPRINGS, )
)
Respondents. )

**APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY, MISSOURI**
**The Honorable Jon E. Beetem, Judge**

Before Division Four: Alok Ahuja, Chief Judge,
Joseph M. Ellis, Judge and Janet Sutton, Special Judge

Appellant Gary Clark appeals from the Circuit Court of Cole County's grant of summary judgment in favor of Respondent Community Bank of El Dorado Springs ("Community Bank").[1] Appellant contends that the circuit court erroneously granted summary judgment because § 313.285.1[2] of the State Lottery Law prohibits the assignment of lottery prizes, thereby making the assignment of his lottery payments, which he used to secure two loans from Community Bank, invalid. For the following reasons, the judgment is affirmed.

---

[1] The Missouri Lottery Commission did not file a brief or otherwise participate in this appeal.
[2] Unless otherwise noted, all statutory citations are to RSMo 2000 as updated through the 2007 Cumulative Supplement.

The following facts are undisputed. In 2006, Appellant won the Missouri Lottery "Lifetime Riches" prize. The prize entails Appellant receiving $50,000.00 per year for the rest of his life with a minimum payout of thirty years. On October 3, 2007, Appellant entered into a loan agreement with Community Bank in which Appellant granted Community Bank a security interest in the "Assignment of all Missouri Lottery Payments" in exchange for a $100,000.00 loan.

On October 16, 2007, Appellant executed a document titled "Missouri Lottery Payments" in which he agreed "to have all funds from the Missouri Lottery payable to [him] to be deposited in an account" at Community Bank. The document further states that the payments would be deposited into that account "for the purpose of securing payment of each and every debt, liability or obligation of every type or description which [he] may now, or at any time hereafter owe to" Community Bank. The document then states that Appellant understands Community Bank "has full authority and withdrawal rights on this account" and that Appellant "may not revoke this agreement." Attached to the bottom of the document is an acknowledgement of the agreement by the Missouri Lottery.

On July 13, 2010, Appellant executed a consolidated loan agreement with Community Bank in which he granted a security interest in the "Missouri Lottery Payment Assignment" in exchange for a $713,670.96 loan. Under the 2010 loan agreement, Appellant agreed to make twelve installment payments of $500.00 and one final balloon payment of $708,170.96 on July 15, 2011.

On September 3, 2013, Appellant filed a petition for declaratory judgment against Community Bank and the Missouri Lottery Commission. In his petition, Appellant

2

alleged that the "Missouri Lottery Payments" agreement constituted an unlawful assignment of lottery proceeds and, therefore, was void. Appellant requested that the circuit court declare the "Missouri Lottery Payments" agreement void and unenforceable and that the Missouri Lottery Commission be directed to make all future payments to Appellant.

In answering Appellant's petition, Community Bank denied that the assignment was unlawful and filed a counterclaim for declaratory judgment. In its counterclaim, Community Bank alleged that the agreement was a lawful assignment under § 400.9-406 of Missouri's Uniform Commercial Code ("UCC"). Community Bank requested that the circuit court declare the "Missouri Lottery Payments" agreement binding on the parties and that the Missouri Lottery Commission continue to pay all lottery proceeds to the designated bank account as long as Appellant owes money to Community Bank.

On January 21, 2014, Community Bank filed a motion for summary judgment in which it contended that it was entitled to judgment as a matter of law because the lottery payments were validly assigned pursuant to § 400.9-406. Community Bank alternatively argued that, even if the assignment was void, Appellant should be estopped from claiming the agreement was invalid. In his response to Community Bank's statement of uncontroverted facts, Appellant did not "refute or contest," *inter alia* that he was "in default in payments under the 2010 loan agreement." However, Appellant filed a counter-motion for summary judgment asserting that he was entitled to judgment as a matter of law because § 313.285 prohibits the assignment of lottery proceeds thereby making the assignment void.

3

On September 15, 2014, the circuit court entered summary judgment in favor of Community Bank.[3]  In doing so, the circuit court concluded that the loan agreements between Appellant and Community Bank are valid and enforceable and that the Missouri Lottery Commission should continue to pay all prize monies to the designated account.

Appellant now appeals from the circuit court's grant of summary judgment. "[W]e review the grant of summary judgment *de novo.*"  ***Kershaw v. City of Kansas City***, 440 S.W.3d 448, 452 (Mo. App. W.D. 2014) (citing ***ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993)).  "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law."  ***Rapp v. Eagle Plumbing, Inc.***, 440 S.W.3d 519, 522 (Mo. App. E.D. 2014) (citing **Rule 74.04(c)**).  This Court will review the record and all reasonable inferences therefrom in the light most favorable to the non-movant.  ***Kershaw***, 440 S.W.3d at 452.

In his sole point, Appellant contends that the circuit court erred in granting summary judgment because the assignment of his lottery proceeds, and the loan agreements resulting therefrom, were invalid in that § 313.285.1 prohibits the assignment of lottery proceeds.  In doing so, Appellant asserts that § 400.9-406 did not impliedly repeal § 313.285.1's prohibition against assigning lottery prizes.  Rather, Appellant avers that the two statutory provisions must be read together and, to the extent they conflict, § 313.285.1 prevails, as it is the specific statute with respect to

---

[3] The record reflects that, on July 30, 2014, the circuit court sustained Community Bank's motion for summary judgment but gave Community Bank ten days to submit evidence regarding costs and attorneys fees.  Thus, it was not until September 15, 2014, that the circuit court entered its judgment denying Appellant's motion for summary judgment, granting Community Bank's motion for summary judgment, and awarding Community Bank costs and attorney's fees.

4

Missouri lottery prizes. Appellant's argument, however, is contradicted by the plain language of § 400.9-406.

Appellant is correct that the State Lottery Law limits the assignment of Missouri lottery prizes. Section 313.285.1 provides, in pertinent part, that "[n]o prize, nor any portion of a prize, nor any right of any person to a prize awarded shall be assignable[.]" Section 313.285.3 further provides: "Notwithstanding any other provision of this section, any person pursuant to an appropriate judicial order may be paid the prize to which the winner is entitled." Therefore, under the State Lottery Law, lottery prizes are unassignable without "an appropriate judicial order."[4] Section 313.285 was last amended in 1993.

In 2001, however, Article 9 of the UCC was amended and defined the term "account" as "a right to payment of a monetary obligation," including "winnings in a lottery or other games of chance operated or sponsored by a state, governmental unit of a state, or person licensed or authorized to operate the game by a state or governmental unit of a state." **§ 400.9-102(a)(2)**. More importantly, § 400.9-406(f) provides:

> [A] rule of law, statute, or regulation, that prohibits [or] restricts . . . the assignment or transfer of, or creation of a security interest in, an account . . . is ineffective to the extent that the rule of law, statute or regulation . . . [p]rohibits [or] restricts . . . the assignment or transfer of, or the creation, attachment, perfection or enforcement of a security interest in, the account[.]

Accordingly, pursuant to § 400.9-406(f), any statute that prohibits or restricts the assignment of an account, which includes lottery winnings, is ineffective. Section 400.9-

---

[4] Section 313.285.1 also permits a prize to "be paid for the use and benefit of the prize winner to the trustee of a revocable living trust established by the prize winner or a personal custodian appointed by the prize winner under the Missouri personal custodian law, chapter 404." This exception is not applicable to the present case.

406(f), therefore, renders § 313.285.1 ineffective to the extent that it prohibits or restricts the assignment of lottery prizes.[5]

Appellant recognizes that lottery prizes are included in the UCC's definition of an "account" and that § 400.9-406 makes "accounts" assignable. Nevertheless, Appellant contends that § 313.285.1 prevails over § 400.9-406(f) because, to the extent that two statutes relating to the same subject matter conflict and "one statute deals with the subject in general terms and the other deals in a specific way, . . . the specific statute prevails over the general statute." *State ex rel. Taylor v. Russell*, 449 S.W.3d 380, 382 (Mo. banc 2014) (internal quotation omitted). Appellant asserts that § 313.285 constitutes the more specific statute with respect to Missouri lottery prizes and, thus, prevails over § 400.9-406.[6]

Appellant's argument relies on a rule of statutory construction. But the plain language of § 400-9.406 is quite clear, and therefore we need not resort to principles of statutory construction. "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute." *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 455 (Mo. banc 2011) (internal

---

[5] Although not binding upon this Court, we recognize that the Texas Supreme Court similarly concluded that the plain language of the UCC indicated the legislature's intent that the UCC provisions permitting the assignment of accounts, including lottery prizes, prevail over Texas's State Lottery Act. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 639 (Tex. 2010) (construing Tex. Bus. & Com. Code § 9.406(f) (2010), which contained the same language found in § 400.9-406(f)). The Texas legislature subsequently amended Tex. Bus. & Com. Code § 9.406 in 2013 to provide an exception for its state lottery act.

[6] In further support of this argument, Appellant cites to a California case in which an appellate court upheld the state's limitations on the assignment of lottery winnings on the basis that the specific provisions of California's lottery act controlled over the more general provisions of the UCC. *See Stone Street Capital, LLC v. Cal. State Lottery Comm'n*, 80 Cal. Rptr. 3d 326, 333 (Cal. Ct. App. 2008). Although Appellant encourages us to apply the same rationale here, the California lottery statute at issue in *Stone Street Capital* contained specific provisions allowing assignment of lottery winnings in particular circumstances; the court relied on those provisions in concluding that the lottery statute was the more specific enactment. *Id.* No similar provisions appear in § 313.285.

quotation omitted). Section 400.9-406(j) provides: "This section prevails over any inconsistent provisions of any statutes, rules, and regulations." The legislature, therefore, expressly provided that § 400.9-406 prevails over any other inconsistent statute. Moreover, the current version of § 313.285.1 was adopted prior to the enactment of the 2001 amendments to Article 9 of the UCC. Accordingly, to the extent that § 313.285.1's prohibition on the assignment lottery prizes is inconsistent with § 400.9-406(f), § 400.9-406(f) prevails.[7]

Thus, it follows that, despite § 313.285.1, Appellant's assignment of his lottery proceeds to Community Bank in order to secure the two loans constitutes a valid assignment. The circuit court, therefore, did not err in granting summary judgment in Community Bank's favor.[8] Point denied.

Finally, we address Community Bank's motion for attorney's fees on appeal. Pursuant to this Court's Special Rule XXIX, "a party may file a motion in this court for attorney fees 'pursuant to contract, statute, or otherwise.'" *Motor Control Specialties, Inc. v. Labor & Indus. Relations Comm'n*, 323 S.W.3d 843, 857 (Mo. App. W.D.

---

[7] Alternatively, Appellant avers that the two statutes are not "irreconcilably inconsistent" because the 2001 amendments were simply intended to allow lottery winnings from states other than Missouri to be defined as an account. In doing so, Appellant emphasizes the following language in the definition of "account": "winnings in a lottery or other game of chance operated or sponsored by **a** state, governmental unit of **a** state, or person licensed or authorized to operate the game by **a** state or governmental unit of a state[.]" **§ 400.9-102(a)(2)** (emphasis added). Such an interpretation, however, would require us to read language not plainly written or necessarily implied into the statute, which we are not inclined to do. *See **Smith v. McAdams**, 454 S.W.3d 418, 421 (Mo. App. W.D. 2015) ("Provisions not plainly written in the law, or necessarily implied from what is written, should not be added by a court under the guise of construction to accomplish an end the court deems beneficial.").

[8] We further note that, in his brief, Appellant cites to § 400.9-201(b), which suggests that laws that establish a different rule for consumers still apply to Article 9 transactions. Appellant, however, provided no further argument in his brief regarding § 400.9-201(b) and conceded at oral argument that the issue of whether the State Lottery Law constituted a consumer law was not raised before the circuit court. Our "review of the grant of summary judgment is limited to those issues raised in the trial court, and this court will not review or convict a trial court of error on an issue that was not put before the trial court to decide." **Kershaw**, 440 S.W.3d at 453 (internal quotation omitted). Accordingly, the issue was not properly preserved for our review and we must decline to address it on appeal.

2010). "[A]ppellate courts may award attorney's fees to a party if such an award is authorized by statute or contractual agreement." *Rosehill Gardens, Inc. v. Luttrell*, 67 S.W.3d 641, 648 (Mo. App. W.D. 2002). In particular, parties may be allowed to recover attorney's fees on appeal if the fees "are based upon a written agreement that is the subject of the issues that are presented in the appeal." *Id.* (internal quotations omitted).

Here, Community Bank contends that it is entitled to attorney's fees "under the terms of the agreements regarding the loans." However, Community Bank fails to establish how the contractual provisions upon which it seemingly relies[9] provide a basis for an award of attorney's fees in this case.

First, no provision in the agreement pertaining to the assignment of Appellant's lottery proceeds expressly authorizes the recovery of attorney's fees. The assignment agreement provides: "[I]n the event of default, I [Appellant] agree to pay all collection costs incurred by [Community Bank]." "Missouri courts, in accordance with the American rule, have favored the award of attorneys' fees only where a contract expressly authorizes their recovery." *Midland Property Partners, LLC v. Watkins*, 416 S.W.3d 805, 819 (Mo. App. W.D. 2013). Language regarding collection costs without express mention of attorney's fees is insufficient to authorize the recovery of attorney's fees. *Id.* Therefore, the assignment agreement, which contains no express language regarding attorney's fees, cannot serve as the basis for Community Bank's recovery thereof.

---

[9] Although Community Bank cites pages in the legal file that correspond to pages in the loan and assignment agreements, Community Bank's motion for attorney's fees fails to reference or identify the specific provisions in each agreement that pertain to attorney's fees and provides no further explanation or argument as to how it is entitled to attorney's fees under such provisions.

8

Furthermore, Community Bank has not established that it is entitled to attorney's fees under the terms of the loan agreements. The 2007 loan agreement and the 2010 loan agreement contain the following provision:

> **COLLECTION COSTS AND ATTORNEY'S FEES**: I [Appellant] agree to pay all costs of collection, replevin or any other or similar type of cost if I [Appellant] am in default. In addition, if you [Community Bank] hire an attorney to collect this note, I [Appellant] also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law).

Thus, the loan agreements provide that Appellant agreed to pay the fees incurred by Community Bank if Community Bank "hire[d] an attorney to collect" on the notes.

This case, however, does not involve a collection action by Community Bank. Rather, this is a declaratory judgment action initiated by Appellant seeking a declaration regarding the validity of the assignment of his lottery proceeds and the loan agreements resulting therefrom. *See* **Hague v. Trustees of Highlands of Chesterfield**, 431 S.W.3d 504, 510 n.7 (Mo. App. W.D. 2014) (denying the appellants' request for attorney's fees on appeal partly because the agreement at issue provided for recovery of attorney's fees incurred in enforcing the covenants of a homeowners association and the "case involved a declaratory judgment action not an action brought by the [appellants] to enforce the covenants of the homeowners association"). Moreover, Community Bank's motion for attorney's fees is devoid of any explanation as to how the facts and circumstances of this case entitle it to attorney's fees under this provision.[10] As such, Community Bank failed to establish how any provision in the loan agreements expressly authorizes an award of attorney's fees in the context of this declaratory

---

[10]As noted *supra*, in his response to Community Bank's summary judgment motion, Appellant conceded he was in default on his 2010 loan payments. However, there is no evidence in the record that Community Bank hired an attorney or initiated any action to collect on the 2010 note.

judgment action.[11]  Accordingly, we deny Community Bank's motion for attorney's fees on appeal.[12]

Judgment affirmed.[13]

_____
Joseph M. Ellis, Judge

All concur.

---

[11] In its judgment, the circuit court awarded Community Bank attorney's fees and costs.  In this opinion, we affirm the circuit court's judgment, which necessarily includes its award of attorney's fees related to the proceedings below, while at the same time denying an award of attorney's fees on this appeal.  The facial inconsistency of those decisions results from the fact that Appellant has not appealed the circuit court's award of attorney's fees.  In his sole point, Appellant contends that the circuit court erred in granting summary judgment because the assignment of his lottery proceeds, and the loan agreements resulting therefrom, were invalid in that § 313.285.1 prohibits the assignment of lottery proceeds. "Apart from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal." **Rule 84.13(a)***; see also **Ballard v. City of Creve Coeur**, 419 S.W.3d 109, 113 n.2 (Mo. App. E.D. 2013) ("As an error correcting court, we may address only those alleged errors of law preserved and raised by the parties on appeal, and we will not *sua sponte* address non-jurisdictional issues that are neither presented nor argued by the parties to the appeal.").  While we may, in our discretion, consider "[p]lain errors affecting substantial rights," we do so only when we find manifest injustice or a miscarriage of justice.  **Rule 84.13(c).**  "Plain error review, however, rarely is granted in civil cases." **Mayes v. St. Luke's Hosp. of Kansas City**, 430 S.W.3d 260, 269 (Mo. banc 2014).  Moreover, "[p]lain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight." **In re S.R.J.**, 250 S.W.3d 402, 406 n.2 (Mo. App. E.D. 2008).  In this case, the circuit court gave Appellant ten days in which to respond to Community Bank's motion for attorney's fees, but Appellant chose not to file suggestions in opposition.  Where a party has been given an opportunity to voice opposition to an award of fees, but fails to do so, we cannot say that the trial court's award of fees amounts to a manifest injustice or miscarriage of justice.  Therefore, we affirm the judgment of the circuit court as entered.

[12] In its motion, Community Bank also states that "[a]ttorney's fees may also be granted in certain declaratory judgment actions."  In support of this proposition, Community Bank cites **Law v. City of Maryville**, 933 S.W.2d 873 (Mo. App. W.D. 1996). In *Law*, this Court explained that, although "[t]here is no provision for attorney's fees in the state statutes that authorize declaratory judgments," Missouri "courts have relied on § 527.100, which allows costs to be awarded as may seem equitable and just, when awarding attorney's fees in declaratory judgment actions where *very unusual circumstances have been shown*." **Id.** at 878 (emphasis added) (internal quotation omitted).  Community Bank fails to offer any explanation as to how the facts of this case constitute "very unusual circumstances" that would entitle it to an award of attorney's fees on appeal.  Accordingly, we cannot find that Community Bank is entitled to attorney's fees under § 527.100.

[13] In its brief, Community Bank raises its own point on appeal in which it contends that the circuit court's decision can also be affirmed on grounds that "Appellant should be estopped from changing his position on the effectiveness of his assignment of the lottery winnings in that Community Bank made significant loans to Appellant in reliance upon his representations that the assignment of his lottery winnings would be effective security for those loans."  Due to our disposition of Appellant's sole point on appeal, we need not reach this issue.

10